2r 461
f118 881

NOEL BARTHELEMY LE BRETON, Curator, *v.* JOHN McDONOUGH.

Where one who sells a certain quantity of land, afterwards fixes the boundaries himself, the purchaser will take all the land between the boundaries. C. C. 850.

A tenant cannot dispute the title of his lessor, nor change his possession by setting up other titles. The possession of the lessee is that of the lessor.

APPEAL from the District Court of the First District, *Buchanan*, J.

*L. Janin*, for the appellant.

*Grymes*, contra.

GARLAND, J. The petition states that the late Jean Gravier was the owner of a piece of land in the city of New Orleans, being part of square, No. 15, included between St. Marc, Magdeleine, Perdido, and Poydras streets, having a front on Magdeleine street of 365 feet 5 inches, and a depth of 69 feet 3 inches, which has never been alienated, and belongs to the succession of said Gravier. To this property it is alleged that the defendant sets up a claim, and thereby slanders the title of Gravier. It is, therefore, prayed, that McDonough be compelled to produce his title ; that it be declared null and void ; and that he be compelled to desist from setting up any further claim, and to pay damages:

The defendant denies the plaintiff had either possession or title ; sets up title in himself; and pleads the prescription of ten years.

It was shown that the ground in controversy formed a portion of the tract of land which formerly belonged to Jean Gravier. On the part of the defendant it was established that, in 1820, Jean Gravier mortgaged to J. W. Oddie a piece of ground, having 400 feet front on Perdue and Girond streets, running back 900 feet be-

tween Canal and Pigconnier, now Perdido, and Poydras streets. In 1821 this property was sold by the sheriff under an order of seizure and sale, and purchased by Casteres on twelve months' credit. Casteres not paying the bond given for the price, it was sold to Abat in 1824, who, in March 1827, by notarial act, sold to the defendant. On the 27th of November, 1827, Jean Gravier leased from the defendant four squares of ground, Nos. 27, 23, 19, and 15, bounded by Poydras, Magdeleine, Perdido and Girond streets, for four years, and occupied the premises. The square, No. 15, covers the ground in dispute. This lease, as well as some parol testimony, shows that previous to 1827 Gravier had made a plan of some portion of his land, surrounding that sold under the mortgage to Oddie, laying it out into squares, and running the streets so as to pass through the defendant's property, but whether with his consent or not, is not shown, as this plan is not produced. In 1831, about the time the lease expired, the defendant made a plan of the property, which represents it as now claimed by him. Whether Gravier ever assented to this plan is not shown, but he never disturbed the defendant's title during his life; and his plan, made previous to 1827, from the description of the squares contained in the lease, must have been similar to that made by the defendant. From Girond to Magdeleine street is about 968 feet, including the width of the intervening streets; excluding them, it is 829 feet, all French measure.

The District Judge gave a judgment for the defendant, and the plaintiff has appealed.

When the piece of ground was first mortgaged and sold, it was not divided into squares; this was done afterwards; and as Gravier was proprietor of the surrounding property, it was important to him that the streets should continue through it. The vendor of the defendant was not bound to permit this without compensation. It may, therefore, be well supposed that Gravier was disposed to make him some remuneration, although the fact is not proved further than his acts show it. But it is to be presumed that Gravier knew the premises well, as he had been the owner of them, and had caused a plan or survey of them to be made. He leased with reference to this plan. The boundaries were fixed. He admitted the possession of the defendant to that

extent, and never denied that his vendor held to the same limits. In this lease Gravier says, that he leases the *entire* square bounded by Magdeleine, Poydras and Perdido streets. The intention of possessing by these limits is, therefore, expressed, and its justice admitted. Civ. Code, art. 3400. If one sells a piece of land from one fixed boundary to another, the purchaser takes all the land between those boundaries. Civ. Code, art. 850. This article of the Code is substantially fulfilled, if a person sells a certain quantity of land, and afterwards fixes the boundaries himself. It is very strong evidence to show that the parties so intended, particularly when a lease of the land is taken designating those boundaries. This court have held that a tenant cannot dispute the title of his lessor, nor change his possession by setting up other titles. The possession of the lessee is that of the lessor, and binds both parties. 10 La. 360.

We think the District Judge did not err in considering the lease as an acknowledgment, on the part of Gravier, that the possession of the defendant, under his title, extended to Magdeleine street ; and this being the case, he, and those under whom he claims, have held under titles translative of property, and by boundaries admitted by the former claimant. We are, therefore, of opinion that the plea of prescription must prevail.

*Judgment affirmed.*