(43 South. 533.)

No. 16,512.

CAMPBELL v. HART.

In re CAMPBELL.

(April 1, 1907.)

1. SUCCESSION — ACTIONS — PARTIES — JURISDICTION.

The widow in community, administering the succession of her deceased husband, as natural tutrix of her minor children, is authorized to bring an action for the ejectment of an alleged lessee from succession and community property; and, where the monthly rent does not exceed $50, the action is properly brought in the justice's court, the jurisdiction of which, to entertain and decide such cause, being conferred by the Constitution and being exclusive, cannot be affected by an injunction from the district court prohibiting the plaintiff from disturbing the defendant's possession, nor by the pendency, in the district court, of suits brought by the defendant. Nor can such injunction, or the pendency of such suits, operate as a bar, either in the justice's court, or, on the appeal, in the district court, to plaintiff's recovery of the possession demanded by her.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Husband and Wife, § 1045.]

2. LANDLORD AND TENANT—TITLE OF LANDLORD—ESTOPPEL.

It is well settled that the possession of the lessee is the possession of the lessor, and that, whilst holding such possession, the lessee cannot question the title of the lessor, or change the character of his possession, by possessing for himself. And, as this is true even though the lessee be the real owner of the property, a fortiori is it true if his attempt to change the character of his possession be predicated upon a title inferior to that of owner.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 151, 152.]

3. EJECTMENT — DEFENSES — LIQUIDATION OF BUSINESS.

In an action brought in a justice's court by the widow in community, administering as natural tutrix, for the ejectment of an alleged lessee from succession and community property, the defense that such lessee is liquidating the commercial business of the deceased and conducting a business of his own, that he is entitled to a year within which to complete the liquidation, and that he has paid, and is willing to pay, the rent demanded, is not good; and where, upon the trial on appeal in the district court, the allegations made by defendant in suits brought by him in that court, including the allegations that he had been a partner in the business in question and is a creditor, are taken as true, and the defense is maintained, the ruling is erroneous. Apart from the fact that the defense is bad upon its face (as combining an admission that defendant is in possession as lessee, paying rent, with the assertion of a right to possession under another title), the taking for true of defendant's allegations, in other litigation, is unauthorized, and, being taken for true, these allegations inject new issues into the case, and still do not make out a defense, since neither the liquidator of the deceased's commercial business, nor the surviving partner, whether as liquidator or individually, nor the creditors of the firm, can be maintained in the possession and use of succession and community property, to the prejudice of the right of the creditors, in general, of the succession and community, of the widow, of the tutrix administering, and of the tutrix as such, to demand that the property be administered, in the succession of the decedent, for the benefit of all parties interested, and not, in the liquidation of his commercial business, or for the benefit of a portion of his creditors.

(Syllabus by the Court.)

Action by Mrs. Mary E. Campbell, individually and as tutrix, against William Hart, individually and as liquidator. In the matter of the application of Mrs. Mary E. Campbell, individually and as tutrix, for writs of certiorari, prohibition, and mandamus. Judgment rendered by trial court annulled and avoided, and cause reinstated for trial.

Reid, Purser & Reid and Hall & Monroe, for relator. Respondent Judge, pro se: Lazarus, Michel & Lazarus and Guy J. Ray, for respondent William Hart.

### Statement of the Case.

MONROE, J. This is a proceeding having for its object a review of the rulings of the judge of the Twenty-Fifth judicial district court in the hearing and determination of an action in ejectment, brought by Mrs. Mary E. Campbell, individually and as tutrix, administering, against William Hart, indi-

vidually and as liquidator, and appealed to said district court from the Seventh Ward justice court of the parish of Tangipahoa. The facts, as disclosed by the petition and return and the records and proceedings thereto attached, are as follows, to wit:

Before, and at the time of, the death of Frank J. Campbell, which occurred on September 5, 1906, he was conducting a wholesale and retail liquor business, in the Jewel Saloon, in Ponchatoula, in his own name, in a building of which, upon the public records, he appeared to be the sole owner, and which had been acquired during the existence of the community between him and his wife. At his death, his widow caused an inventory to be made, qualified as natural tutrix of their minor children, and proceeded to administer the succession in that capacity, giving a bond when required to do so by some of the creditors. William Hart, who had in the meanwhile assumed control of the business mentioned and of the assets pertaining thereto, on October 13th presented a petition to the court (in suit No. 952) alleging, in substance, that he and Campbell had been commercial partners; that the latter had withdrawn from the firm a large amount of money in excess of his share of the profits, and had invested the same in his own name; that a liquidation and accounting was necessary, in order to pay the debts of the firm and effect a settlement of its affairs; that the value of the business depended upon the continuance of the good will; and that he should be permitted to continue said business as liquidating partner, and for his own account; and praying that an inventory be made, and that he be appointed liquidator, and, "independent of the liquidation, authorized to continue the conduct of said business for his own benefit, use, and advantage." This application appears to have been submitted to the judge in the presence of counsel representing the widow and tutrix, who said that

she had no objection to the appointment of the applicant as liquidator, though she denied that he had been the partner of Campbell. The appointment was, accordingly, made, and it was further ordered "that the said William Hart, acting as surviving partner, may continue the business heretofore conducted in the name of Frank J. Campbell, for his (William Hart's) own account." Concerning that part of the order which is quoted, the judge says:

"I was not aware, until after reading relator's petition, that the words 'William Hart's own account' were in the order as signed. * * * The provision in question escaped my notice, otherwise same would have been erased."

Acting under the appointment as liquidator and in his individual capacity, Hart entered into a contract with the widow and tutrix, whereby he agreed to pay her $45 a month rent for the premises in which the business was conducted, and he paid rent at that rate for the months ending November 14 and December 14, 1906, and January 14, 1907. In the meanwhile (on November 19, 1906) he brought a suit (No. 976) reiterating and supplementing the allegations made in the suit No. 952, and praying that the widow and tutrix be cited; that he be decreed to have been the equal partner of Campbell; "and that, after the accounting by the estate of F. J. Campbell for all moneys illegally * * * withdrawn by him, and the payment of all * * * debts of the firm, the court ascertain the amount in which the firm of F. J. Campbell is indebted to your petitioner; and that, in making up said account, the said F. J. Campbell be charged with interest, at the rate of 5 per cent., upon all moneys withdrawn by him; * * * and that there be judgment decreeing that the estate * * * is indebted to the firm * * * for the amounts withdrawn, with interest as aforesaid." On December 28th following, the widow and tutrix notified Hart to vacate the premises, in which he was con-

ducting his business and liquidating the business of the late firm, and, on January 13, 1907, Hart brought another suit (No. 1,000), in which he alleges, inter alia, that said premises were purchased with funds of the firm; that the creditors of the firm have an equitable lien thereon for the payment of the debts due them; that he is equitably entitled to a half interest therein and to the possession thereof for the purposes of the liquidation in which he is engaged and for the conduct of his individual business, until such liquidation shall have been completed and said property sold, "in due course of administration." He further alleges that the widow and tutrix, in endeavoring to dispossess him, is actuated by ill will; that "he has promptly paid the rent demanded, * * * and stands ready and willing, at all times, to discharge the obligation resulting from his occupancy of said premises, notwithstanding the fact that his money was employed in the purchase of said premises and the building erected thereon; * * * that said Mary E. Campbell * * * is about to effect a lease of the premises * * * to a competitor, the effect of which would be to destroy a large and valuable asset of the partnership; * * * that the premises, * * * having been purchased with partnership funds, cannot be subjected to a lease effected by said Mary E. Campbell, tutrix; * * * " that said widow and tutrix is without authority, in the absence of directions from the probate court, to make any lease of succession property, or to impair the security of the creditors, or petitioner's equitable interest in said property, by effecting a lease thereof; and that his only remedy lies in a writ of injunction. Wherefore he prays that an injunction be issued, restraining said widow and tutrix "from interfering with, or disturbing, the possession of William Hart, liquidating partner of F. J. Campbell and William Hart, individually, of the premises, * * * until the further order

of court, or until her assertion of right to the possession of said pemises is determined in judicial proceedings, and that she be further restrained, * * * pending the liquidation of the partnership, * * * from leasing said premises, or by any act * * * incumbering said property, to the prejudice of your petitioner and the creditors of the late firm," etc. The order, made in compliance with this prayer, reads:

"Let a writ of injunction issue herein as prayed for, and according to law, upon petitioner giving bond in the sum of $1,000. * * * This injunction not to interfere, during its pendency, with the collection of rent from William Hart by Mrs. Campbell for the use of that part of the building occupied by Mr. Hart as heretofore."

The widow and tutrix thereupon (on the same day) brought an action of ejectment against Hart, in the Seventh Ward justice's court, to which Hart answered that the justice of the peace was without jurisdiction, for the reasons that plaintiff had been enjoined by the district court from disturbing his possession; that the property had been seized, in the suit of E. H. Williams v. Mary E. Campbell, and was in the custody of the sheriff; that he had been appointed liquidator of the firm of F. J. Campbell and was entitled to a year within which to discharge his functions; and that he had always paid his rent when demanded. The case was tried upon the issues thus presented, and there was judgment for plaintiff, from which defendant appealed to the district court, where there was a trial de novo, but on the same pleadings. Upon the trial last mentioned, the judge ruled, in effect, that, whilst the injunction issued by him could not have prevented the plaintiff from bringing the action of ejectment in the justice's court, the pendency in the district court of the injunction suit, and of the suits Nos. 952 and 976, operates as a bar to her recovery in that action, and that she can obtain no relief with respect to her demand for posses-

sion of the property, until the rights of Hart, as liquidator and individually, and her rights, as widow in community and tutrix, administering, shall have been determined in those suits; that Hart, as liquidator and individually, has the right to hold possession of the property for such reasonable time as may be necessary to enable him to complete the liquidation in which he is engaged; that what may be a reasonable time for such purpose is to be determined in the suits brought by him, and not in the action of ejectment; and that, for the purposes of the ruling so made, Hart's allegations in the suits brought by him are to be taken as true.

At the time that these rulings were made, the situation was as follows: Plaintiff was before the court with the judgment appealed from in her favor, rendered in an action of ejectment in which she alleges that her husband, at his death, owned a certain brick building, of which, as widow in community and as natural tutrix, administering his estate, she is entitled to possession; that on October 14, 1906, she rented said property to William Hart, individually and as liquidator, by the month, at a monthly rental of $45; that, being desirous of regaining possession, she gave her lessee written notice to vacate more than 10 days prior to the bringing of the action; and that he fails and refuses to comply with such notice.

The defense set up has been stated. It is not alleged, as part thereof, that defendant had ever been the partner of F. J. Campbell, and it is not denied that the property in question belongs to Campbell's widow and heirs, or that defendant is occupying it as lessee of plaintiff. On the trial, plaintiff's counsel offered in evidence: (1) The record in the injunction suit, to show that plaintiff had not been enjoined from asserting her claim in court; (2) the record in the matter of Williams v. Campbell, to show that the property was not under seizure therein; (3) "rule on William Hart, liquidator, with his answer thereto, showing the total amount of business transacted by the liquidator, according to his return, that the gross sales from October to December 31st were $965, and total collection, for account of Campbell, $80.28, and for all other purposes"; (4) mortgage book, showing lease of property sued for, by Mrs. Campbell to Morgan Davis, at $70 per month, for 12 months from January 14, 1907, lease to be terminated by sale of property; (5) mortgage book, showing lease to William Hart, of date January 2, 1907, for 12 months, from February 1, 1907, of building adjoining property sued for, at $30 per month; (6) admission that lower floor of property thus leased to Hart is now used as a barroom; (7) copy of newspaper, of January 11, 1907, with advertisement, reading, "William Hart, Successor to F. J. Campbell, Dealer in Fine Wines and Liquors, Ponchatoula, Louisiana"; (8) admission that notice to vacate had been duly served. Charles de Sola, who had been the bookkeeper of Campbell, and was serving Hart in the same capacity, then testified that the business was carried on by Hart, as liquidator and also for his own account, and that the witness could not always tell whether sales were made from the Campbell stock or from the Hart stock. Being asked whether the books showing the business done by Hart, individually, were in court, he answered in the negative, whereupon the court ruled that those books (which had been called for by subpœna duces tecum, and which defendant had declined to produce until further ordered by the court) should be produced at once, or else that plaintiff's contention in regard to them would be taken for confessed No further action in the matter was taken, however, at the time, and the witness was asked how many postal orders, payable to Campbell, had been collected by Hart, to which it was objected that the question was irrelevant and immaterial, and the objection

was sustained, and the rulings, as heretofore stated, were then made. Thereafter, the witness testified that Hart was carrying on the business, as liquidator and for himself, with the assistants who had been employed by Campbell, and he was asked:

"Did you, or not, testify, a while ago, that the business up to the 31st of December, 1906, of the liquidation, represented about 15 per cent. of the business that was done?"

Which question was ruled out as irrelevant. Defendant then offered the records in the suits filed by him, as, also, the record in the matter of the succession of Campbell, and, the case having been closed, there was judgment, in due course, avoiding and reversing the judgment of the justice of the peace and rejecting plaintiff's demand, "without prejudice to her right to bring an action, at the proper time, if necessary, and as indicated" (in the opinion of the court). Plaintiff thereupon made to this court the application which we.are now considering, in which she prays that the rulings and judgment mentioned be set aside, and that the trial judge be directed to hear and pass on the issues presented in the pleadings in the case and the evidence offered in support of the same, and prohibited from taking as true, without proof, the allegations of the defendant in the suits instituted by him.

## Opinion.

Relatrix, as widow in community of Frank J. Campbell and natural tutrix, administering his succession, was authorized to bring her action for the ejectment of an alleged lessee from property inventoried as belonging to that succession and as having belonged to the community in which she had been a partner, and the action was properly brought in the justice's court, since the Constitution (article 126) confers upon that court exclusive, original jurisdiction in all suits by landlords for the possession of leased premises, where the monthly or yearly rent, or rent for the unexpired term of the lease, does not exceed $50. Moreover, the jurisdiction, being conferred by the Constitution and being exclusive, could not have been ousted by any order or writ issuing from any other court, or, still less, by mere allegations made by the defendant in ejectment in suits brought by him in any other court. That is to say, there is no power in any other court to prevent a justice of the peace from exercising the jurisdiction conferred on him by the Constitution, and where, as in this instance, the jurisdiction is exclusive, there is no room for an exception of lis pendens or for the application of the doctrine that, as between courts exercising concurrent authority, the jurisdiction of the court in which the proceeding is begun will be maintained, since the case is not one of concurrent, but of exclusive, jurisdiction, and, quoad the issue which falls within that jurisdiction, the proceeding can legally be instituted only in the court in which such exclusive jurisdiction is vested; its institution in any other court being coram non judice. The proposition that, whilst the injunction issued by the district court was not intended and was inoperative to prevent relatrix from bringing the action of ejectment in the justice's court, such injunction, with the pendency of the suit in which it was issued and of the other suits which had been brought in the district court by the defendant in ejectment, served as a bar to any recovery in that action, whether in the justice's court or on the appeal, is wholly untenable.

The right to bring the action before the justice of the peace included the right to invoke the exercise of his full jurisdiction with respect thereto. Hence the injunction issued by, and the suits pending in, the district court were no more effective to prevent a recovery in such action than to prevent the bringing of it. Upon the other hand,

the jurisdiction of the district court in the matter was purely appellate, and was confined to the inquiry whether the justice of the peace, acting within the exclusive, original jurisdiction conferred upon him, had given a correct judgment; or, to state it differently, the party cast by the judgment of the justice of the peace was given a new trial, of the case decided, in a court vested, for the purposes of such trial, with the jurisdiction of the justice of the peace, but with no original jurisdiction. From which it follows that, as the writ of injunction and the pendency of the injunction suit and other suits constituted no bar to plaintiff's recovery before the justice of the peace, they constituted no bar to her recovery on the appeal.

As to the other matters urged by way of defense to the action of ejectment, it is well settled that the possession of the lessee is the possession of the lessor, and that, whilst holding such possession, the lessee cannot question the title of the lessor or change the character of his possession by possessing for himself, even though he may be the real owner of the property. Tippet v. Jett, 10 La. 362; Le Breton, Curator, v. McDonough, 2 Rob. 461; Williams v. Douglas, 11 La. Ann. 632; State ex rel. Fredricks v. Skinner, Judge, 33 La. Ann. 146; Town of Morgan City v. Dalton, 112 La. 9, 36 South. 208; Bright v. Bell, 113 La. 1078, 37 South. 976. And if the lessee in possession cannot contest the title of his lessor, or assume to possess for himself, though he be the real owner of the property, a fortiori can he not do so by asserting a right in or to the property inferior to that of owner. In the case here made the subject of review, defendant, being sued as lessee, and not denying the status imputed to him, but admitting that he had paid, and is willing to pay, the rent demanded, has been permitted, not only to set up a change in the character of his possession—from a possession under a lease from plaintiff, to a possession, as liquidator and individually, in spite of plaintiff—but a defense has been sustained which was not set up at all, to wit, that he is liquidating the business of F. J. Campbell, as surviving partner, and that because, under certain circumstances, the surviving partner of a commercial firm has the right to retain the share of the deceased partner in the assets of the firm, in order that the whole may be sold together for the purpose of liquidating the business, he has the right, for such purpose and for the purpose of conducting his own business, to hold possession of immovable property belonging exclusively to the succession of his deceased partner and under administration therein. Even, however, if such defense had been set up, and the court had found that defendant was not estopped, by reason of his having accepted the position of lessee, to urge it, and it had been sustained by proof of the facts, it is evident that neither the creditors of the commercial firm of which deceased was a member, nor the surviving partner, whether as liquidator or individually, can be maintained in the possession and use of property such as that described to the prejudice of the right of the creditors, in general, of the succession, and of the widow in the community and minor children of the deceased, to demand that his individual property be administered in his succession for the benefit of all concerned, and not in the liquidation of his commercial business for a benefit of a portion of his creditors.

We therefore conclude that there was prejudicial error in the ruling complained of, and it is accordingly ordered, adjudged, and decreed that the judgment rendered by respondent, in the matter of Mrs. Mary E. Campbell, Individually and as Tutrix, Administering, v. William Hart, Individually and as Liquidator (No. 1,013 of the docket of the district court) be annulled and avoided, and that said

cause be reinstated and tried, upon its merits, in accordance with the views expressed in the foregoing opinion and the law.