(105 So. 49)

No. 25189.

**THOMAS v. JACKSON et al.**

(June 22, 1925.)

*(Syllabus by Editorial Staff.)*

**Landlord and tenant** &xmdash;61—**Tenants' acts in renting land held to estop them from impugning landlord's title.**

Defendants, who obtained possession of land by renting it from plaintiff's father, and later rented the land from plaintiff, thereby recognized plaintiff's title, and were estopped from asserting the land belonged to some one else, when sued for possession.

Appeal from First Judicial District Court, Parish of Caddo; J. H. Stephens, Jr., Judge.

Action by Georgia Thomas against Ida H. Jackson and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Fisher & Walker, of Shreveport, for appellants.

Clem V. Ratcliff, of Shreveport, for appellee.

O'NIELL, C. J. This is a suit to recover a tract of land which the defendants have possession of. The plaintiff inherited the land from her father and produced deeds showing a continuous chain of title, traced back to the government. The defendants have no title whatever. They got possession by renting the land from the plaintiff's father, and continued to pay rent to his heirs for several years after his death. Finally they failed to pay one of their rent notes, and the plaintiff brought suit to eject them. That suit was dismissed at her cost, after which she filed this suit. There was judgment in her favor, and the defendants have appealed. They do not claim that they have any title to the land, but assert that the abstract of title annexed to the plaintiff's petition shows an outstanding title in the state for a part of the land, and an outstanding title in one R. S. Williams for another part of it. Although there is some slight basis for the defendants' assertion that there is a defect in the plaintiff's title, there is no substantial proof of it. Besides, having obtained possession of the land by renting it from the plaintiff's father, thereby recognizing his title, and having afterwards rented it from the plaintiff, thereby recognizing her title, the defendants have no right to find fault with her title, by asserting that the land belongs to some one else.

The judgment is affirmed at appellants' cost.