249 So.2d 123

**LOUISIANA MATERIALS CO., Inc.**

v.

**Alwyn J. CRONVICH, Sheriff of the Parish of Jefferson, et al.**

No. 50790.

June 7, 1971.

Rehearing Denied June 28, 1971.

Roy L. Price, Parish Atty., James O. Manning, Bruce D. Burglass, Asst. Parish Attys., for defendants-appellants.

Milling, Saal, Benson, Woodward & Hillyer, G. Henry Pierson, Jr., Neal D. Hobson, New Orleans, for plaintiff-appellee.

SANDERS, Justice.

In this possessory action, Louisiana Materials Co., Inc., sought an injunction requiring the officials of Jefferson Parish to remove a barricade from the end of Lake Villa Drive, barring the access of trucks to plaintiff's shell yard located between the levee and shore of Lake Pontchartrain. After a hearing, the district court denied a preliminary injunction. On appeal, the Court of Appeal reversed, ordered the issu-ance of the preliminary injunction, and remanded the case for further proceedings. 236 So.2d 510. We granted certiorari to review the judgment of the Court of Appeal. 256 La. 849, 239 So.2d 356.

Louisiana Materials is in the shell business. The company dredges shell from Lake Pontchartrain, places it on barges, and unloads it at various shell yards on the lake, including the shell yard located between the levee and shore of Lake Pontchartrain at the end of Lake Villa Drive in Jefferson Parish. The shell at the Lake Villa shell yards is then sold to contractors and others who use it. Most of it is removed in the trucks of the purchasers. In some instances, however, Louisiana Materials retains independent truckers to deliver the shell to the purchaser.

The company has operated the shell yard in this manner since 1961. The levee is now bordered by a populated residential area known as Lake Villa Subdivision. The access street to plaintiff's shell yard is Lake Villa Drive, which has a load limit of three tons.

Louisiana Materials obtained a "right of way" agreement from the Pontchartrain Levee Board allowing it to handle and transport shells on the levee property. This right of way grant was subject to Louisiana Materials securing "whatever authority or permission is required from all Municipal, State or Federal agencies that may be affected." The company, ac-

cordingly, secured a lease on a year-to-year basis from the Parish of Jefferson covering the same premises described in the right of way agreement. The last lease with the Parish terminated on February 2, 1969. On March 6, 1969, however, the Parish Council adopted an ordinance consenting to the continued use of the right of way until February 28, 1970, after which it directed that the use cease. On December 19, 1969, the parish notified the plaintiff by certified mail that a barricade would be placed along the parish right of way line barring street access to the ramps leading to the shell yard after February 28, 1970. On March 1, 1970, a concrete and steel barricade was constructed on the parish right of way near the end of Lake Villa Drive. The following day, plaintiff filed this suit.

Louisiana Materials maintains it occupies the shell yard by virtue of a real right, the right of way agreement with the Levee Board, and that its possession of more than a year has been disturbed by the erection of the barricade, and that it is entitled to have its access to the public street protected by a mandatory injunction.

Jefferson Parish contends that the possessory action is unavailable because Louisiana Materials did not have the necessary possession for a period of one year before suit. Moreover, it contends the parish had the legal authority to erect the barricade under its broad powers of regulating and controlling the use of its public streets.

■ Plaintiff seeks a preliminary injunction as an ancillary remedy in this possessory action. See LSA–C.C.P. Art. 3663. The basic inquiry then is whether plaintiff has satisfied the requirements of a possessory action. We think not.

Article 3658 of the Louisiana Code of Civil Procedure provides:

"To maintain the possessory action the possessor must allege and prove that:

"(1) He had possession of the immovable property or real right at the time the disturbance occurred;

"(2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;

"(3) The disturbance was one in fact or in law, as defined in Article 3659; and

"(4) The possessory action was instituted within a year of the disturbance."

Article 3656 of the Louisiana Code of Civil Procedure defines the possession required as follows:

"A plaintiff in a possessory action shall be one who possesses for himself. A person entitled to the use or usufruct of immovable property, and one who owns a real right therein, possesses for

himself. A predial lessee possesses for and in the name of his lessor, and not for himself."

See also Grant Timber & Mfg. Co. v. Gray, 131 La. 865, 60 So. 374; Anderson v. Smith, 4 La.Ann. 525.

■ The burden of proof is upon the plaintiff to establish the essential possession. LSA–C.C.P. Art. 3658; Ware v. Baucum, 221 La. 259, 59 So.2d 182.

Admittedly, plaintiff did not possess the levee property as owner. We are likewise convinced that at the time of the erection of the barricade, it did not possess as the owner of a real right.

The Levee Board right of way agreement provides:

"It is further agreed and understood by both parties hereto that the grant of this exclusive right of way is subject to the Grantee herein, securing whatever authority or permission is required from all Municipal State or Federal agencies that may be affected."

Although Jefferson Parish is not specifically named in this provision, it is quite clear that the parish is an affected municipal agency. In order for Louisiana Materials to move its shell from Lake Pontchartrain to the shell yard area, its barges must use The Suburban Canal, a parish drainage canal on which is located the pumping station serving a major portion of Jefferson Parish.[1] Moreover, the parish must make its streets available to the trucks of the customers and haulers who haul the shell from the levee. The record reflects that the shell-hauling trucks weigh about 18,000 pounds when empty and 30,000 pounds when loaded. Hence, whether empty or loaded, they exceed the 3-ton weight limit of Lake Villa Drive.

Plaintiff now contends, however, that Jefferson Parish has no interest or title in any of the property used in its operations. Hence, a lease from the parish has always been unnecessary.

■ Plaintiff's position is untenable. Under the Levee Board Agreement, the right of way grant is subject to the authority and permission of the parish. Plaintiff correctly recognized the parish's rights by securing leases from it as long as it was able to do so. As a lessee, it could not question the lessor's title. LSA–C.C. Art. 3441; Pino v. Dufour, 174 La. 227, 140 So. 31; Thomas v. Jackson, 158 La. 1019, 105 So. 49; Campbell v. Hart, 118 La. 871, 43 So. 533.

Under the lease, plaintiff possessed not for itself, but for its lessor, Jefferson Parish. LSA–C.C.P. Art. 3656. After the lease from the parish expired on February

1. The evidence reflects that shells falling into the canal from plaintiff's operations impaired the drainage.

2, 1969, occupancy continued under the special-permission ordinance. The vicarious nature of plaintiff's possession, however, did not change. It continued to possess for the parish. LSA–C.C. Arts. 3441, 3446. See Campbell v. Hart, 118 La. 871, 43 So. 533; Williams v. Douglas & Rooks, 11 La.Ann. 632; Grave v. Scott, La.App., 107 So.2d 808; Federal Land Bank of New Orleans v. Spencer, La.App., 160 So. 175.

When the ordinance authority ended on February 28, 1970, the Levee Board right of way also terminated, because it was expressly conditioned upon the parish authorization. Thereafter, plaintiff held no occupancy authority of any kind.

We conclude that at the time the barricade was erected, plaintiff had no possession for itself. Hence, it is not entitled to possessory relief.

■ Moreover, under the circumstances of this case, the street barricade is not a disturbance that warrants a possessory injunction.

The Parish of Jefferson has full authority to regulate its public streets. LSA–R. S. 48:471, 481. The parish has limited the use of Lake Villa Drive to vehicles weighing no more than three tons.

■ As we have noted, the shell-hauling trucks affected by the barricade exceed the weight limit, whether empty or loaded. The record discloses that the use of the street by the heavy trucks causes damage to the street and a serious noise-dust problem to the adjacent residences. The expulsion of these overweight trucks from the street is well within the regulatory authority of the parish.

The circumstance that the parish has heretofore permitted violations of the weight limit is no bar to the present enforcement.

As the trial judge correctly observed, the granting of the preliminary injunction would mean that the judicial power would be allied with those who would violate the vehicle weight limit on the public streets. Such an alliance is impermissible.

We hold that the district court properly disallowed the preliminary injunction.

For the reasons assigned, the judgment of the Court of Appeal is reversed and the judgment of the district court denying a preliminary injunction is reinstated and made the judgment of this Court. All costs are taxed against the plaintiff.

BARHAM and DIXON, JJ., dissent.