462 So.2d 1319 (1985)
Charles BUNDRICK d/b/a Lafayette Sand & Gravel Co., Plaintiff-Appellant,
v.
LAFAYETTE PARISH POLICE JURY, Defendant-Appellee.
No. 84-20.
Court of Appeal of Louisiana, Third Circuit.
January 30, 1985.
Peter C. Piccione, Jr., Lafayette, for plaintiff-appellant.
Allen, Gooch & Bourgeois, Sera H. Russell, III, Lafayette, for defendant-appellee.
Before GUIDRY, FORET and LABORDE, JJ.
*1320 GUIDRY, Judge.
Plaintiff, Charles Bundrick, d/b/a Lafayette Sand and Gravel Company, appeals the trial court's denial of his request for a preliminary injunction against defendant, Lafayette Parish Police Jury. Plaintiff sought to enjoin the defendant's enforcement of a load limit resolution adopted by the Police Jury of Lafayette Parish claiming that such resolution is not evenly applied throughout the parish and that it was arbitrarily enforced. We affirm the trial court's ruling.
Plaintiff owns a 21 acre tract of land in Lafayette Parish which abuts a canal or coulee which separates it from the end of DuBarry Avenue in the Bissonnet Villa Subdivision. The property had no access to any street when the plaintiff first purchased it. Plaintiff obtained permission from the Lafayette Parish Police Jury to erect a bridge across the coulee in order to obtain access from his property onto DuBarry Avenue. DuBarry Avenue is two blocks long, running from plaintiff's property and intersects with Park Lane Road.
Plaintiff is in the dirt hauling business and began hauling dirt in May of 1983 from his property, down DuBarry Avenue, to various locations in the Lafayette area. The residents of the Bissonnet Villa Subdivision became concerned with the 18 wheel trucks passing through their neighborhood and approached the Lafayette Parish Police Jury with their complaints. On May 26, 1983, at a regular meeting of the Police Jury, a resolution was passed authorizing 10 ton weight limit signs to be placed in the Bissonnet Villa Subdivision, in accordance with Ordinance 330 which permits the Police Jury to limit loads on streets and bridges from time to time by resolution. On June 1, 1983, the Police Jury posted signs on DuBarry Avenue indicating a load limit of 10 tons. Plaintiff attended the following Police Jury meeting held on June 23, 1983 and argued that, because his 18 wheel trucks weighed in excess of 10 tons empty, the load limit would effectively force him to discontinue hauling dirt from his property and thus put him out of business. The Police Jury then decided to remove the load limit signs placed in the Bissonnet Villa Subdivision with the stipulation that plaintiff was required to maintain the surface of DuBarry Road in a clean condition. However, at a subsequent meeting held on July 14, 1983, the Police Jury voted to reinstate the 10 ton load limit on streets in the Bissonnet Villa Subdivision.
Plaintiff filed suit seeking a temporary restraining order (TRO), preliminary injunction and permanent injunction against the Police Jury's enforcement of the load limits on DuBarry Avenue. Plaintiff also sought damages for the loss of his business profits, for deprivation of his civil rights, and for the cost of the bridge which he constructed. A TRO issued. The rule on the preliminary injunction was set for August 1, 1983. A continuance was granted to plaintiff on July 29, 1983, wherein the TRO was also continued for an additional ten days.[1]
The hearing on the preliminary injunction was held on November 7, 1983. The trial court denied plaintiff's application for a preliminary injunction. The judgment was signed on November 10, 1983. Plaintiff thereafter was granted a suspensive appeal. The appeal order provided that the TRO was to remain in effect throughout the duration of the appeal.[2]
Plaintiff-appellant cites the following as errors of the trial court:

*1321 1. The trial court erred in failing to find that the actions of the Lafayette Parish Police Jury were arbitrary and capricious and violated the Constitutional rights of the plaintiff; and,
2. The trial court erred in concluding that plaintiff did not carry his burden of proof for a preliminary injunction against the Lafayette Parish Police Jury.

ASSIGNMENT OF ERROR NO. 1
Plaintiff contends that the ten ton load limit imposed by the Police Jury is arbitrary and capricious and that the sole purpose of its imposition is to deny plaintiff access to DuBarry Avenue from his property. As was previously mentioned, plaintiff is in the business of hauling dirt. Plaintiff owns four eighteen wheel trucks which he uses in his business. Each of these trucks empty weighs in excess of ten tons. Thus, the ten ton load limit in the Bissonnet Villa Subdivision prevents plaintiff not only from hauling dirt from his property in these eighteen wheel trucks, but also from simply going to and from his property in those vehicles. Plaintiff therefore asserts that the actions of the Police Jury were aimed specifically at harming him and his business.
La.R.S. 33:1236 provides in part:
"The police juries and other parish governing authorities shall have the following power:
....
(28) To enact ordinances regulating the traffic on all public roads outside of incorporated municipalities and within recognized subdivisions other than state constructed and maintained streets and highways, including but not by way of limitation the right to establish speed limits and speed zones, to regulate the parking of vehicles, to establish rules and regulations for the movement of traffic, including the designation of one-way streets, and for such other similar rules and regulations; provided that insofar as such ordinances may affect state highways they shall not be in conflict with any rules and regulations established by the legislature for the use of highways forming part of the state highway system...."
La.R.S. 48:481 provides that:
"Parish governing authorities may pass all ordinances which they think necessary relative to roads, bridges, and ditches, and may impose such penalties to enforce them as they think proper."
In light of the above statutes, it is clear that the Lafayette Parish Police Jury has the authority to regulate traffic within its jurisdiction. Such regulation includes the establishment of load limits within the parish. Louisiana Materials Company, Inc. v. Cronvich, 258 La. 1039, 249 So.2d 123 (La.1971), cert. denied, 405 U.S. 916, 92 S.Ct. 934, 30 L.Ed.2d 786 (1972). In Cronvich, the Supreme Court upheld a three ton load limit which, in effect, prohibited the plaintiff's shell-hauling trucks from passing on Lake Villa Drive in Jefferson Parish, whether empty or loaded. The court stated that, "The expulsion of these overweight trucks from the street is well within the regulatory authority of the parish." Similarly, we find that the load limits in the present case are reasonable and fall within the Police Jury's regulatory authority.
The police power is a power inherent in every governing authority to govern men and things and, within constitutional limits, to prescribe regulations for the promotion of the public health, safety, morals, and general welfare. Hi-Lo Oil Company v. City of Crowley, 274 So.2d 757 (La.App. 3rd Cir.1973), writ refused, 277 So.2d 673 (La.1973). The test of whether an ordinance or regulation is a constitutionally valid exercise of police power depends on whether, under all circumstances, the regulation is reasonable and whether it is designed *1322 to accomplish a purpose properly falling within the scope of the police power. Hi-Lo Oil Company v. City of Crowley, supra; Wes-T-Erre Development Corp. v. Parish of Terrebonne, etc., 416 So.2d 209 (La.App. 1st Cir.1982), writ denied 421 So.2d 251 (La.1982).
The Police Jury in the present case was confronted with complaints by the residents of the Bissonnet Villa Subdivision that the continuous use by plaintiff's huge trucks of the streets in the subdivision created noise-dust problems, were presenting a danger to the children of the neighborhood, and were creating a potential for damage to the narrow streets in the subdivision and to a nearby underground high pressure gas pipeline. This is precisely the type of situation which falls within the Police Jury's power to remedy under the exercise of its inherent police power. Plaintiff asserts that the load limit is arbitrary and capricious in that it only applies to DuBarry Avenue, the only access road to his property. This contention is not supported by the record. The minutes of the Police Jury meeting of May 26, 1983 reveal that the load limit was to apply throughout the Bissonnet Villa Subdivision and was not limited to DuBarry Avenue as plaintiff claims. A load limit was also placed on Park Lane Road which runs along the outskirts of the subdivision. While the Police Jury's actions may have been motivated by the plaintiff's dirt hauling operations through the subdivision, the load limit in no way applies solely to plaintiff. The load limit resolution was passed in order to protect the residents and roads of the Bissonnet Villa Subdivision and applies to all vehicles passing through the subdivision. We find no evidence in the record that the Police Jury acted arbitrarily. We therefore hold that the load limit resolution adopted by the Police Jury was a constitutionally valid exercise of its police power.

ASSIGNMENT OF ERROR NO. 2
The plaintiff's next contention is that the trial court erred in concluding that he failed to carry his burden of proof in order to obtain the preliminary injunction. In order for a plaintiff to be entitled to injunctive relief from the enforcement of an ordinance or resolution of the governing authority, he must show: (1) the clear invasion of a property right; (2) threatened irreparable injury; and, (3) the manifest unconstitutionality of the statute or ordinance. Borne v. City of New Orleans, 406 So.2d 748 (La.App. 4th Cir.1981), writ denied, 410 So.2d 763 (La.1982).
We have previously demonstrated that the Police Jury resolution was a valid exercise of the police power vested in that body. Plaintiff claims an invasion of his property rights in that he was unable to continue using his property in conjunction with his hauling business. We disagree. Granted, the plaintiff will no longer be able to haul dirt from the site by eighteen wheelers. However, he can continue to haul dirt by the use of smaller trucks which fall within the ten ton weight limit. Plaintiff admitted at the hearing that he had used such smaller trucks in the past, but that he "... just chose to go with eighteen wheelers. I make a little more money". Thus, by his own admission, plaintiff could continue to operate his dirt hauling business. Although it may be more costly for him to operate, the smaller trucks are available to him and would serve the same purpose as the larger ones. Mere inconvenience is not the basis for injunctive relief. We find that plaintiff has failed to prove that he would suffer irreparable injury due to the load limit. There are no facts in the record which support the plaintiff's contention that he would be driven out of business because of the load limit imposed by defendant. Plaintiff has failed to meet the three-fold test as set forth in Borne, supra. We hold that the district court properly disallowed the preliminary injunction.
For the reasons assigned, the judgment of the lower court is affirmed and this matter is remanded to the trial court for further proceedings.[3] All costs of this *1323 appeal are taxed to the plaintiff-appellant. The taxing of costs at the trial level are to await the final disposition of this matter.
AFFIRMED AND REMANDED.
NOTES
[1] Although neither party has raised the issue, we note that the TRO was not extended by the trial court prior to its expiration on July 10, 1983, and it therefore expired by its own terms some 19 days prior to plaintiff's motion for an extension of such. La.C.C.P.Art. 3604.
[2] As previously noted, the TRO issued on June 30, 1983 expired ten days thereafter since no extension was granted within that time. Thus, there was no TRO in existence at the time of the hearing on the preliminary injunction. Had the TRO still been in effect on that date, a suspension of such would have nonetheless been improper. As the Supreme Court stated in Snowden v. Red River and Bayou des Glaises Levee and Drainage Dist., 172 La. 447, 134 So. 389 (La.1931), cert. dismissed, 284 U.S. 592, 52 S.Ct. 198, 76 L.Ed. 510:

"The restraining order, however, ceased to operate, if it had not already ceased to be effective, pretermitting its dissolution by the trial judge, when he refused to grant the injunction. The order had then served its purpose. The law does not contemplate that a restraining order, granted by the trial judge, pending an application for a preliminary injunction, should be, as it were, reinstated by a suspensive appeal, and operate during the pendency of the appeal. It contemplates that such an order shall pass out of existence, and so remain, in the lower court."
[3] Unless the parties especially agree to submit a case for final decision at the hearing on the rule for preliminary injunction, the principal demand for a permanent injunction is determined only after a full trial under ordinary process, even though the summary hearing on the rule for a preliminary injunction may tentatively decide merit/issues. Haughton Elevator Division v. State, 367 So.2d 1161 (La.1979); and, Equitable Petroleum Corp. v. Central Transmission, Inc., 431 So.2d 1084 (La.App. 2d Cir.1983).