| ¡¡DALEY, Judge.
On appeal are two separate Summary Judgments. This suit concerns a breach of lease agreement. Jeannette Ackel, lessor, sued Academy Leasing Company, the lessee, for -breach of a lease agreement to lease shopping center space owned by Ack-el in Metairie at 8920 Veterans Boulevard. Ackel added Jefferson Parish to the suit, alleging that a Jefferson Parish ordinance regulating commercial traffic on residential streets was unconstitutional and/or unconstitutionally enforced; against Jefferson Parish, Ackel prayed for injunctive relief and damages for lost revenue. During the proceedings, Ackel was granted injunctive relief from enforcement of the ordinance. Academy filed Summary Judgment against Ackel on the lease dispute in December of 2000, and Jefferson Parish moved for Summary Judgment against Ackel on the issue of the ordinance in January ' of 2001. Both motions were heard on February 21, 2001. Summary Judgment was granted in favor of Academy and against Ackel, and in favor of the Parish against Ackel.
1¿Ackel appeals the grant of both motions, arguing that the granting of Summary Judgment in Academy’s favor was dependent on the trial court’s evaluation of Academy’s good faith and intent, issues inappropriate for determination under Summary Judgment. Ackel also appeals the Summary Judgment granted in favor of Jefferson Parish. After thorough consideration, we reverse the Summary Judgment in favor of Academy and remand, but affirm the Summary Judgment in favor of Jefferson Parish, though for different reasons than stated by the trial court.
Ackel and Academy entered into a lease of the commercial retail space on March 13, 1997. The lease required Ackel to perform certain improvements to the space and required Academy to provide other improvements. The parties entered into a First Amended lease on June 11, 1997, because both parties had problems fulfilling their obligations under the terms of the original lease. The First Amendment gave a deadline of August 15, 1997 for Ackel to complete her portion of the im *111 provements. Ackel alleges that the parties met at Ruth Chris’s Restaurant in January of 1998, and at that meeting Academy’s representatives agreed to accept the improvements required of Ackel as of that date, though it was after the deadline established in the First Amendment. On January 31, 1998, however, Academy wrote to Ackel seeking to cancel the lease because the improvements required were not completed before the date in the First Amendment. Ackel then sued Academy for breach of the lease; according to Ackel, though, in an effort to keep the deal going, the parties entered into a Second Amendment to the lease dated November 12, 1998. This second amendment to the lease required that building permits for improvements to the premises had to be issued by January 31, 1999. The Second Amendment gave Academy the right to cancel the lease if Jefferson Parish did not issue the building permits on or before January 31. Academy was required, by the specific terms of the | ¡¡Second Amendment, to use diligence and good faith in its efforts to secure the permits. It is an undisputed fact that the Parish issued no building permits to Academy by this deadline.
The trial court granted Summary Judgment to Academy, dismissing Mrs. Ackel’s suit for breach of lease because the required building permits were in fact not issued by January 3f, 1999. On appeal, Ackel argues that the trial court did not consider the language in the Second Amendment that required Academy’s diligence and good faith when seeking the building permits. Mrs. Ackel contends that a determination of good faith and intent is inappropriate for Summary Judgment. Jefferson Parish argued in its Motion for Summary Judgment that Academy withdrew its application for a building permit sometime in June of 1999.
JUDGMENT IN FAVOR OF ACADEMY
The pertinent paragraph of the Second Amendment reads:
11. Tenant has informed Landlord that the issuance of its building permit for the construction of its store at the premises has been delayed. Landlord has offered to work with Tenant to assist Tenant in its dealings with the applicable governmental officials. Tenant shall diligently and in good faith pursue the necessary building permit and shall reasonably cooperate with Landlord in connection therewith.* If, despite Tenant’s diligent and good faith efforts, the building permit for the construction of its store at the premises is not issued in a form mutually acceptable to both Landlord and Tenant on or before January 31, 1999, then Tenant shall have the right to cancel this Amendment by providing written notice of cancellation to Landlord on or before January 31, 1999. A cancellation of this Amendment as permitted by this paragraph 11 shall not cancel or terminate the Lease, as amended by the First Amendment, nor otherwise be evidence of the cancellation or termination of the original Lease, as amended by the First Amendment. Rather, the effect of the cancellation of this Amendment shall be to put the parties back in to the situation that existed before the execution of this Amendment as if this Amendment had never been executed with all parties reserving all rights.
(Emphasis added.)
*112 It is an undisputed material fact that the building permit(s) were in fact NOT issued on or before January 31,1999.
We agree with Ackel that Academy’s use of good faith and diligence in securing the permits by the deadline is a requirement of the Second Amendment. A reading of the Second Amendment Paragraph 11 only gives Academy the right to cancel the Amendment IF, despite its good faith and diligence, it failed to receive the building permits.
Ackel argues that Academy knew in October of 1998, a month before it executed the Second Amendment, that there were problems with its building plans and that Jefferson Parish had already communicated to Academy that their plans would not get approval, and yet Academy took no steps to address these problems. Summary Judgment is not appropriate for determinations of subjective facts like good faith, intent, etc. Penalber v. Blount, 550 So.2d 577. (La.1989).
Academy cites Carrier v. Grey Wolf Drilling, 2000-1335 (La.1/18/01), 776 So.2d 439, arguing that Penalber is outdated law. They are incorrect. Carrier involved a suit for intentional tort brought by the employee’s decedents against his employer. The court found that the factual evidence was undisputed, and that plaintiffs failed to present evidence that the employer desired to hurt the decedent or that they knew their conduct was substantially certain to cause him injury; hence, Summary Judgment was appropriate. The court did state that if the plaintiffs had 17been able to demonstrate a factual dispute concerning defendants’ intent, Summary Judgment would be inappropriate under Penalber.
The trial court erred in its finding that the mere fact that building permits were not issued gave Academy the right to cancel the Second Amendment, without consideration of the good faith and diligence of Academy in attempting to procure the permits. We vacate that judgment and remand for trial with evidence regarding Academy’s knowledge, diligence, and good faith efforts to get the building permits, including any evidence that they withdrew their permit applications before an approval/denial was obtained from the Parish.
JEFFERSON PARISH’S SUMMARY JUDGMENT
Ackel sued Jefferson Parish and the Jefferson Parish Council in her First Supplemental and Amending Petition for Damages and Injunctive Relief, on the basis that its Jefferson Parish Code of ordinances Section 36-70 is unconstitutional and was enforced selectively. In addition to injunctive relief, she asked for damages for lost revenue. The trial court granted the Parish’s Motion for Summary Judgment, finding that Ackel failed to bear her burden of proof that the ordinance was either unconstitutional or selectively enforced, and further finding that the Parish was statutorily immune from suit.
On appeal, Ackel raises several Assignments of Error. First, Ackel argues that statutory immunity cannot be decided on Summary Judgment, or in the alternative, the Parish failed to satisfy its burden of proof necessary to invoke the statutory immunity defense, or alternatively, the Parish is not entitled to statutory immunity because its decisions were not both discretionary and policy making. Second, Ackel argues that the issue of whether there is a governmental taking cannot be decided on lsSummary Judgment. Third, Ackel argues that Jefferson Parish’s actions constituted an unconstitutional governmental taking and, therefore, Ackel is entitled to damages. Finally, Ackel argues that the Summary Judgment in favor *113 of the Parish is in error since there are genuine issues of disputed material fact.[1]
We affirm the grant of Summary Judgment, but for reasons other than expressed by the trial court.
In 1994, the Parish enacted Ordinance 19014, which amended Section 36-70 of the Jefferson Parish Code of Ordinances, which created a prohibition against the operation of tractor trailers on any streets in the Parish except those designated as truck routes or “local deliveries only” zones. 26th Street and Mássachu-setts Avenue, where the site’s loading docks are located,, were not so designated, which Ackel argues prevented the Tenant and Landlord from utilizing an existing loading dock needed for the delivery of merchandise. Ackel alleges that when the space housed a Winn Dixie from 1984 to 1996, deliveries with tractor trailers were allowed on those streets. Ackel also argued that the Home Depot next door was able to use the same 26th Avenue, a residential street, for deliveries, as evidence of selective enforcement.
We find that the constitutionality of Code of Ordinances Section 36-70 was never properly before the trial court in the Motions for Summary Judgment heard on February 21, 2001. In her First Amending and Supplemental Petition for Injunc-tive Relief and Damages, filed October 1, 1999, Ackel’s prayer for relief does NOT |9request that the ordinance be declared unconstitutional. The petition asserts two causes of action against Jefferson Parish: injunctive relief from the enforcement of Code of Ordinances Section 36-70 relative to Ackel’s property, and damages for lost revenue. The petition alleges that the ordinance was unconstitutionally vague and/or unconstitutionally enforced and such enforcement constituted an unconstitutional taking, but the petition does not pray for a declaration that the ordinance is unconstitutional; it prays for injunctive relief and damages, and that Academy be issued a building permit. In pertinent part, the prayer states as follows:
... In addition, Ackel prays for a preliminary injunction and permanent injunction against the Parish of Jefferson and thé Jefferson Parish Council, enjoining the arbitrary and discriminatory enforcement of Section 36-70 of the Jefferson Parish Code of Ordinances and mandating that Academy Louisiana be issued a building permit for the Back Retail Space, located at 8920 Veterans Boulevard, and for any and all damages that have resulted from the unconstitutional action taken by these defendants, including but not limited to lost revenues and reasonable costs and attorneys’ fees.
Ackel was in fact granted injunctive relief on November 15, 1999, by agreement of the parties (as noted in the court’s Order), without the court making any constitutional findings. Moreover, during the life of the preliminary injunction, the- Code of Ordinances Section 36-70 was amended on February 9, 2000, designating the affected streets as local delivery zones, also well before Jefferson Parish’s or Ackel’s Motions for Summary Judgment were filed. The trial court signed a Motion to Dissolve Injunction on March 29, 2000. In that *114 Motion, filed by Jefferson Parish, it is asserted that “The issues regarding the plaintiffs preliminary injunction are now moot” and “The plaintiff has been contacted and has no objection to this motion.” Ackel never amended her petition to ask for any other relief against Jefferson Parish, nor did Ackel appeal or in any way seek review of the grant of the Motion to Dissolve |10Injunction. Thus, the only issue remaining against Jefferson Parish, after the Motion to Dissolve Injunction was granted, was damages for lost revenue.
Jefferson Parish moved for Summary Judgment against Ackel on December 1, 2000. Ackel filed a Motion for Summary Judgment against Jefferson Parish on January 9, 2001, arguing that Code of 'Ordinances Section 36-70 was unconstitutionally vague, was enforced against Ackel’s property in an unconstitutionally arbitrary and discriminatory manner, and was selectively enforced around the Parish, resulting in an impermissible taking of Ackel’s property. The Motion itself does not address Ackel’s request, found in the First Amended and Supplemental Petition, for damages. The Memorandum in Support, however, argues that the Parish is liable to Ackel for damages as “a result of its unconstitutional statute and its arbitrary and discriminatory enforcement of that statute.”
' We note first that Ackel acquiesced in the Motion to Dissolve Injunction, which expressly stated that the issues regarding the plaintiffs preliminary injunction are now moot. The trial court granted that injunction in November of 1999 by agreement of the parties without ever finding the ordinance or its enforcement uneonsti-tutional. By the time that Ackel filed its Motion for Summary Judgment in January of 2001, the issues involving injunctive relief were moot. A claim for damages would only be relevant in the time period before the preliminary injunction was granted.
The record does not support Ack-el’s assertion that Section 36-70 of the Jefferson Parish Code of ordinances affected a taking of the property by prohibiting the collection of rent from the space. It is clear that parishes have the authority to Inregulate traffic within their jurisdictions. Such regulation includes the establishment of load limits within the parish.[2] Ackel acknowledged this at the hearing.
In his affidavit, George Ackel alleges that the Code of Ordinance Section 36-70 was passed in 1994, but Winn Dixie continued in fact to utilize the loading docks, despite the ordinance’s restrictions, until 1996, when Winn Dixie closed. In his Memorandum in Support,. Ackel states that “the property has lost a major portion of its value; this fact is evidenced by Ack-el’s inability to collect rent from the Back Retail Space since Jefferson Parish began enforcing the ordinance.” However, Ackel does not present any evidence that Jefferson Parish began enforcing the Code of Ordinances Section 36-70 as to his property, nor does he allege that enforcement of the Code of Ordinances Section 36-70 as to his property prevented any actual merchandise deliveries at any time. The record shows that because of the lease dispute between Academy and Ackel, and the fact that building permits were not issued by the deadline, the property was never occupied by Academy and no merchandise was ever delivered. Ackel has simply not *115 borne her burden of proof that the Code of Ordinances Section 36-70 was enforced at all against the property.
At the hearing on the Motions for Summary Judgment, Ackel argued that it presented a videotape to the trial court at the injunction hearing, documenting 10 to 15 violations of the ordinance in the same general area, right off Veterans, of tractor trailers making deliveries down streets that were not declared “local deliveries only zones” or streets that were designated “no truck routes.” This video is not a part of the appellate record. Ackel’s counsel also stated:
h ¡/‘Since '96 when Winn Dixie left it’s never been enforced against Mr. Ackel’s use of the tractor trailers on those streets to use that loading dock. It’s never been enforced against Home Depot, which is next door.”
The Parish argued in rebuttal that the Home Depot is actually in Kenner, where Kenner has a different law from Jefferson Parish. We find, as a whole,' that the evidence does not support Ackel’s claim for damages.
Accordingly, the Summary Judgment in favor of Academy is reversed; the Summary Judgment in favor of Jefferson Parish is affirmed for the reasons herein expressed; and the matter remanded for further proceedings.
JUDGMENT IN FAVOR OF ACADEMY REVERSED; JUDGMENT IN FAVOR OF JEFFERSON PARISH AFFIRMED; REMANDED.

To the best of Tenant’s knowledge, the plans which it has prepared to obtain a building permit from Jefferson Parish do not violate any Jefferson Parish zoning Ordinance or Code provision of which Academy is aware. (Handwritten addition to this paragraph)

. Ackel raises other Assigments of Error, in response to arguments raised in Jefferson Parish's Motion for Summary Judgment, that did not form a basis for the trial court’s ruling. For instance, Ackel argues that the issue was not made moot by the injunction, that Ackel has standing to sue, and that this matter is not merely a contractual dispute between Ackel and Academy. The trial court ruling found only that Jefferson Parish could invoke the statutory immunity defense and that Ackel had not born her burden of proving the ordinance or its enforcement unconstitutional.

. Bundrick v. Lafayette Parish Police Jury, 462 So.2d 1319 (La.App. 3 Cir.1985), citing Louisiana Materials Company, Inc. v. Cronvich, 258 La. 1039, 249 So.2d 123 (La.1971), cert. denied, 405 U.S. 916, 92 S.Ct. 934, 30 L.Ed.2d 786 (1972), and LSA-R.S. 33:1236(28) and LSA-R.S. 48:481.