Dear Mr. Scelfo:
This office is in receipt of your opinion request regarding City of Franklin Ordinance No. 3172. As per your request and our brief telephone conversation, you are particularly interested in the legality of the ordinance, which purports to regulate the use of the public streets located within the limits of the Franklin Historical District by trucks transporting sugar cane. The Ordinance reads as follows:
 Beginning with the 2008 sugar cane harvest season, and thereafter, it shall be unlawful for any person to drive any semi-trailer, tractor, tandem trailer, or trailer of any kind while hauling or transporting sugar cane on any of the public streets or thoroughfares located within the limits of the Franklin Historical District when any alternative route is available.
Louisiana law does allow municipalities to enact ordinances enforcing the provisions of the Louisiana Highway Regulatory Act, La.R.S. 32:1, etseq., on local roads other than state maintained highways within municipal limits. See La.R.S. 32:41 (A)(2). This law also allows adoption of municipal ordinances to designate routes for freight carrying vehicles on such municipal roads. See La.R.S. 32:41 (A)(6).[1] In addition, municipalities are authorized to develop "regulations controlling traffic upon non-state maintained highways within their corporate limits under their general police power so long as such regulations do not modify, or conflict with, the provisions of [the Louisiana Highway Regulatory Act] or regulations of the [DOTD] and the secretary . . ." La.R.S. 32:41(A)(13). Finally, Municipalities may adopt ordinances restricting traffic on limited access highways or temporarily reducing the permissible weight of vehicles which may be operating thereon "when, because of deterioration, rain, snow, other climactic conditions, or the making of repairs, the highway will be seriously damaged or destroyed unless the use of vehicles thereon is prohibited or permissible weight *Page 2 
reduced. . . ." La.R.S. 32:41(A)(10); see also La. Atty. Gen. Op. No. 95-79.
This ordinance singles out a particular industry or occupation for regulation and/or restriction on the use of public roadways (sugar cane haulers) and does not apply uniformly to all users of the roads based on a relatively industry-neutral criterion, such as vehicle weight. Therefore, an equal protection challenge may lie against it. We offer our understanding of the issues that would be involved in such a challenge.
We begin our analysis under this framework with the observation that the ordinance itself contains no prefatory language relating the purported justification for the restriction of sugar cane trucks in the Historic District. While such language is not required, it is often helpful in determining the motivation of the legislative body enacting a new law.
An ordinance that singles out a particular class for restrictions on conduct that do not apply to others must be based on a classification that is reasonable, not arbitrary, and that rests "upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike." F.S. Royster Guano Co. v. Virginia, 253 U.S. 412, 40 S.Ct. 560,561-562, 64 L.Ed. 989 (1920). The Equal Protection Clause is satisfied when the subject classification is "rationally related to a legitimate state interest." New Orleans v. Dukes, 427 U.S. 297, 96 S.Ct. 2513,49 L.Ed.2d 511 (1976). "The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory determination will not be set aside if any state of facts reasonable may be conceived to justify it." McGowan v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393
(1961).
The Louisiana Courts echo these doctrines. In Hi-Lo Oil Compan v. Cityof Crowley, 274 So.2d 757, 762 (La.App. 3rd Cir. 1973), the court wrote:
 In determining the constitutionality of this ordinance, we recognize the established rule of law that a city ordinance, like an act of the legislature, is presumed to be constitutional, and that the party who attacks it has the burden of establishing by clear and cogent evidence that the ordinance is unconstitutional. This rule is strictly observed in cases involving an ordinance enacted in the exercise of the city's police power. . . . The ordinance should be upheld if any set of facts can be conceived from which it could be concluded that there is a reasonable relationship between its provisions and the public health, safety, morals or general welfare. . . . In order to justify a holding that the legislative action is arbitrary, unreasonable or unnecessary, it must be shown that there was no room for a reasonable difference of opinion, and that there was no substantial evidence upon which the legislative action could have been justified. . . . (internal citations omitted). *Page 3 
Louisiana courts have also explained that:
 The police power is a power inherent in every governing authority to govern men and things and, within constitutional limits, to prescribe regulations for the promotion of the public health, safety, morals, and general welfare. . . . The test of whether an ordinance or regulation is a constitutionally valid exercise of police power depends on whether, under all circumstances, the regulation is reasonable and whether it is designed to accomplish a purpose properly falling within the scope of police power.
 Bundrick v. Lafayette Parish Police Jury, 462 So.2d 1319, 1321
(La.App. 3rd Cir. 1985) (citations omitted).
Thus, it would appear that Louisiana law would allow a municipality, in the exercise of its police power, to regulate traffic on the public streets within its jurisdiction based on its legitimate concerns of public safety, protection of public infrastructure; elimination of public nuisances of noise, filth, and litter; maintenance of sanitary conditions within city limits; and historic preservation, among others. We can conceive of situations where the type of ordinance enacted by the City of Franklin would be rationally related to a legitimate municipal objective. But ultimately that issue is highly fact-specific and would have to be decided by the courts based on evidence regarding the relation of such an ordinance to a valid police power should the ordinance be challenged on equal protection or other constitutional grounds. Accordingly, the legality of this ordinance cannot be determined in this opinion.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 BY:_________________________
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 JDC:ls
[1] This statute also provides that this particular type of ordinance shall not be effective until signs giving notice of such local traffic regulations are posted on or at the entrances to the highway or part thereof affected, as may be most appropriate. See La.R.S. 32:41(B).