PROVOSTX, J.
[1] In this suit the relator is alleged to have trespassed upon a tract of land belonging to the plaintiffs, and to have extracted therefrom over 1,000,000 barrels of oil, and to be refusing to surrender the possession of the property, and judgment is prayed recognizing the plaintiffs as own-, ers of the land, and condemning the relator to return the oil, or in default thereof to pay for it at the price of $1.25 per barrel. The relator filed a so-called exception. It admitted its possession, alleged that it possessed by virtue of a lease, named its lessors, gave their addresses, and asked to be discharged from the suit. This exception was overruled, and the relator applies to this court for the writ of certiorari to review this ruling.
The contention is that under article 43, C. P., a lessee, defendant in a petitory action, is entitled to be dismissed from the suit on disclosing the name and address of his lessor, and the decisions of this court in the cases of Cutno v. Weil Bros., 127 La. 706, 53 South. 962, and Byrne v. Hebert, 51 La. Ann. 548, 25 South. 586, are cited in support of that proposition.
[2] If this suit involved merely the land, without the oil that is alleged to have been taken from it and a return of which is demanded, relator’s contention would be well founded; but it involves also the oil, and plaintiffs are entitled to have both demands passed on in one suit, and, if their claims be well founded, to have a judgment against the relator upon the latter demand. The lessors could not stand in judgment upon it, and, even if they could, a judgment against them for the return of the oil, or for the payment of the $1,250,000, its alleged value, might not be as easily made effective by execution against them as against relator. No doubt, it is incumbent upon the plaintiffs, before proceeding any further in the suit, to cite the lessors for litigating the issue of title, which these lessors alone are qualified to litigate; but, for all that appears, these lessors may already have been thus made parties.
*968 The question raised by the present application not being as to whether the lessors should be made parties, but as to whether the relator should be dismissed from the suit, and we having reached the conclusion that the relator is not entitled to be thus dismissed, the present application must be rejected, at relator’s cost.
Application rejected at relator’s cost.