No. ——

First Circuit

---

## SCHOULTZ ET AL. v. KELLER

---

(June 7, 1927. Opinion and Decree.)
(February 15, 1928. Opinion and Decree on Rehearing.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest — Appeal — Par. 725; Petitory and Possessory Actions—Par. 29, 40.**
In a petitory action under Code of Practice, Articles 43 et seq., where all of the parties who claim possession and ownership of the property are not defendants, the court will remand the case in order that plaintiff may make all proper parties defendants.

Appeal from the Parish of St. Tammany. Prentiss B. Carter, Judge.

Action by Mrs. Mary Smallwood Schoultz et al. against Henry Keller.

There was judgment for defendant and plaintiff appealed.

Case remanded.

Hiddleston Kenner, of New Orleans, attorney for plaintiff, appellant.

Victor E. Plauche, of Covington, attorney for defendant, appellee.

LECHE, J.   Plaintiffs pray to be declared owners of a tract of land situated in the parish of St. Tammany. They allege and set forth their title, and further say that they are informed that defendant asserts his ownership thereof and that neither they nor defendant, Keller, are in possession. The action is brought under Act 38, p. 38, of 1908.

Defendant claims that he and his co-owners are in possession and that fact seems to be supported by the evidence in the record, but defendant does not say who are his co-owners. The action then must be viewed as an ordinary petitory action, subject to the rules prescribed in the Code of Practice, Arts. 43 et seq.

We have then before us a petitory action brought against only one of several persons who are in possession of and claim ownership of the property in dispute. If plaintiffs should be successful in proving their demand, it would then be impossible to decree how much or what proportion of the property they could recover as against the present defendant, and it would be impossible to decree them owners of the whole property as against claimants and possessors who are not parties to the action. In answer to this, the plaintiffs argue that they would be satisfied with a judgment solely against defendant, although void as to the other possessors or claimants to the property, who are not present or represented in this suit. Courts of justice will not knowingly render judgments that are void and of no effect and they will, ex proprio motu, notice the want of proper parties.

Art. 43 of the Code of Practice provides that the petitory action must be brought against the person who is in actual possession, and if brought against a farmer or lessee, the latter must declare the name

and residence of his. lessor. It sometimes happens, however, that the farmer or lessee will not declare the name and residence of his lessor, and that presents a situation for which the Code makes no provision. The status of the present case may be assimilated to that of a lessee who does not declare the name and residence of his lessor. The Supreme Court in the case of Byrne vs. Hebert, 51 La. Ann. 548, 25 So. 586, was presented with such a situation. The court, although divided on the original hearing, unanimously held on rehearing that the judgment of the District Court should be avoided and the case remanded, with leave to the plaintiff to make proper parties. See also, on the same subject, the cases of Cutno vs. Weil Bros., 127 La. 701, 53 So. 962; De Soto's Heirs vs. Standard Oil Company, 139 La. 965, 72 So. 695.

Under these circumstances, the judgment should be avoided and the present case should be remanded in order that the plaintiffs may make all the persons who claim possession and ownership of the property, parties defendant to their demand in the present suit, and it is so ordered, defendant to pay costs of appeal, and all other costs to await final determination of the suit.

————

## ON REHEARING

LECHE, J.   Plaintiffs allege in their petition that they own certain property which they are informed and believe that Henry Keller is asserting and claiming to be his, and that neither they nor Keller are in possession thereof. In argument they say that their action is based upon Act 38, p. 38, of 1908. In our former opinion we treated the action as petitory in character and remanded the case in order to allow plaintiffs the opportunity to make proper parties defendant.

A rehearing was thereafter granted and the case was again argued and submitted to this court.

The Act of 1908 provides specially that it may be resorted to in order to establish title to property where two or more persons claim land by recorded title and where neither of the claimants is in possession of the land so claimed. Plaintiffs do not allege that defendant claims under a recorded title, an allegation which under the terms of the statute seems to be necessary. See City of Baltimore vs. Lutcher, 135 La. 878, 66 So. 253. But pretermitting this formality for the reason that defendant is, in point of fact, claiming under a recorded title, viz.: a tax deed, plaintiff does specially charge that neither party is in possession, when in point of fact defendant openly appears to be one of those in possession, and we thereupon treated the action as being petitory and as requiring under the articles of the Code of Practice that the other possessors be also made parties defendant.

Two of plaintiffs' witnesses testify that the land in contest is enclosed and forms part of what is known as Keller's pasture. The action cannot, therefore, be treated as the one provided for by the statute of 1908, because that action only lies where neither party is in possession.

When the case was argued on rehearing, plaintiffs, assuming that their action was brought under the Act of 1908, pleaded error in our former opinion because that act says that suit may be brought against one or all of the adverse claimants, and it was therefore not necessary that all claimants be made defendants. That would be true if the suit were really and technically under the Act of 1908, but such is not the case here, because at least one of the claimants is in possession.

In Davidson vs. McDonald, 126 La. 539, 52 So. 758, where plaintiff was in possession, it was held that the action under Act 38 of 1908 did not lie. See also McHugh vs. Albert Hanson Lumber Company, 129 La. 681, 56 So. 636. In this case we hold the converse of that proposition to be equally true, and, that where a defendant claimant is in possession, the action will not lie.

For these reasons our original judgment is reinstated and the case is remanded.