140 So. 31

PINO v. DUFOUR.

No. 30908.

Feb. 1, 1932.

On Application for Rehearing Feb. 29, 1932.

Theo Cotonio, Jr., and Theodore Cotonio, both of New Orleans, for appellant.

Charles J. Rivet, of New Orleans, for appellee.

BRUNOT, J.

The plaintiff alleges that he is the lawful owner of the property described in the petition; that he acquired the property through mesne conveyances from his ancestors in title; and his deed to the property from his vendor is attached to and made a part of the petition. He prays for judgment recognizing him as the lawful owner of the property, ordering the defendant to deliver to him the possession thereof, and for judgment against the defendant for the rent of the premises at the rate of $23 per month from June 1, 1927, until possession of the property is delivered to him. The defendant filed a pleading which he styles an exception to the petition. We quote it:

"Now into Court comes Fernand Dufour made defendant herein solely for the purpose of excepting to plaintiff's petition and for exception thereto says:

"1. That defendant is occupying the premises 2212 St. Peter Street as a tenant at the rate of twenty ($20.00) dollars per month.

"2. That he has been paying rent for said premises to Theodore Cotonio, Attorney, who defendant is informed and from information received therefore alleges, represents the Land Development Co. of La. Ltd., who acquired said property from the LaSalle Realty Co. of La. Ltd., by act passed before Theodore Cotonio, Notary Public, on August 10, 1928, and registered in Conveyance Office of this Parish in Book 441 folio 125 and that LaSalle Realty Company acquired said property from the City of New Orleans for delinquent taxes due thereon for the year 1922 on August 28th, 1923 as per act passed before Pierre D. Olivier, Notary Public, September 21, 1923, which act is registered in Conveyance Office Book 372 folio 205.

"3. Defendant further avers from information received that the plaintiff herein has ac-

tual knowledge of the ownership of said property in both said Land Development Co. of La. Ltd., and said LaSalle Realty Co. of La. Ltd., and had such knowledge prior to the institution of this suit."

The defendant prays for the maintenance of his exception and the dismissal of the suit with costs.

The plaintiff ruled the defendant into court to show cause why the defendant's pleading should not be dismissed, or be ordered to stand as an answer to the suit. The rule was heard and the court dismissed the pleading as an exception, but ordered it to stand as an answer. The defendant objected to the hearing of the case on the merits upon the ground that his alleged exceptions had not been passed upon. The objection was overruled, the case was taken up for trial, the plaintiff submitted it on the record, and judgment was rendered in favor of the plaintiff, for rent of the premises at the rate of $23 per month from June 1, 1927 until delivery of possession thereof to plaintiff, and taxing defendant with the costs of the suit. The defendant obtained the necessary order and perfected an appeal to this court. The plaintiff has filed a motion to dismiss the appeal upon the ground that the judgment appealed from is for a sum less than the minimum jurisdiction of this court. The plaintiff has also answered the appeal and, in the event this court overrules his motion to dismiss the appeal, then and in that event he prays that the judgment appealed from be amended by ordering the defendant to vacate the premises and deliver the possession thereof to him, and, as thus amended, that the judgment be affirmed.

■ It is true that the judgment appealed from is for a sum of money less than the minimum jurisdiction of this court, but appellant contends that the plaintiff, by putting his title to the property involved at issue and praying to have it recognized, has brought a petitory action. If we find that this is a petitory, and not a mere possessory action, coupled with a demand for rent of the premises, appellant's contention is sound, for, in that event, this court would have jurisdiction of the appeal regardless of the sum of money awarded the plaintiff in the judgment appealed from. A case directly in point is Laurent Millaudon v. Henry J. Ranney, 18 La. Ann. 196. There the same allegations, as to plaintiff's title, were made and the same relief was prayed for by the plaintiff. In that case the court said: "We are clearly of opinion that the allegations and prayer of the petition present all the ingredients of a petitory action," etc.

■■ It appears that defendant has occupied the premises involved as a tenant; for nine or ten months prior to June 1, 1927, defendant paid rent for the premises to the plaintiff, but since that date he has paid the rent to an agent of the Land Development Company of Louisiana Limited, which company claims to be the owner of the property. It is true, as contended by plaintiff, that a tenant cannot question his landlord's title. But plaintiff has put his title at issue and that issue cannot be litigated as between the plaintiff and the defendant, a mere lessee or occupant of the premises. Although the facts were different, a substantially similar situation was presented in the case of De Soto's Heirs v. Standard Oil Co. of Louisiana,

139 La. 905, 72 So. 695, 696. The suit was a' petitory action and the defendant was in possession of the property as a lessee. In that case the court said: "No doubt, it is incumbent 'upon the plaintiffs, before proceeding any further in the suit, to cite the lessors for litigating the issue of title, which these lessors alone are qualified to litigate."

In the so-called exception filed by the defendant herein, the adverse claimant of the title to the property now in the possession of and occupied by the defendant as a tenant is disclosed therein. As possessor of the property and the alleged debtor of the plaintiff for the rent thereof, he was properly made a defendant in the suit; but as plaintiff has raised the issue of title, that issue must be determined contradictorily with the adverse claimant of title. Upon the authority of the De Soto's Heirs v. Standard Oil Co. Case, the judgment appealed from is avoided, and this case is remanded to the civil district court in order that the adverse claimant of title to the property be made a defendant in the suit and the issue of title be tried contradictorily with said claimant. All costs to await the final determination of the suit.

On Motion to Modify Decree.

PER CURIAM.

The decree herein, due to the fact that defendant was successful in setting aside the judgment appealed from, is modified so as to cast the costs of the appeal on plaintiff; the decree in all other respects to remain undisturbed.