This suit is filed as an ejectment proceeding by a principal lessor, to recover possession of a certain part of a building which had been formerly sub-rented to the defendant by a former principal lessor whose lease the plaintiff had taken over. To put it in a simpler form, the plaintiff is the owner of a lease of an entire building known as the National Hotel in the Town of Leesville. This lease had originally been obtained by several parties who in turn sold their interest in the same to one S.M. Theodos. The original lease which was recorded, was for a period of five years, beginning January 1, 1941. On December 2, 1941, Theodos transferred his lease to Pete and Sam Geeker and on February 11, 1942, the Geekers transferred it to the plaintiff herein, Chris Grammatas. While the original lessors held the lease, they sub-leased to the defendant the upper two stories of the hotel building for the period of one year at a rental of $500 per month. This sub-lease was to expire May 12, 1942, but the sub-lessee had the option of renewing the same for an additional year at the same rent and under the same conditions.
While Theodos held the lease, the defendant was in possession of the upper two floors of the hotel as sub-lessee and apparently it developed that the conditions prevailing at the time did not justify her continuing to pay $500 a month rental as agreed upon and the contract between them, which was written, was modified orally to the extent that she would pay the sum of $75 per week and to compensate for the reduction, it was agreed that Theodos would have the free use of two rooms in the hotel. After the Geekers acquired the lease, this same arrangement seems to have been continued and when Grammatas took over on February 11, 1942, he also continued to accept a smaller rental from the *Page 15 
defendant and he and his wife occupied the two rooms for some time.
At the expiration of her lease for one year on May 12, 1942, the defendant did not take advantage of her option to renew the same and on her continuing to occupy the upper two stories of the hotel, the plaintiff herein instituted this suit on June 4, 1942. Due notice to vacate the premises had been served on her, first by registered mail, which she refused to receive and then by a notice personally delivered to her through the sheriff's office. She then resisted the suit, claiming that her original sub-lease had been modified in the manner in which we have just stated and that the plaintiff himself had recognized the modification as he had accepted payments in the same amount and had also continued to occupy the same rooms in the hotel. We might state at this time that when it appeared to the defendant that she was going to have some trouble about the lease, she consulted her attorney who then hurriedly reduced the oral contract which she had with Theodos to writing and had the same placed of record. She further contends in her defense to the suit that when the original lease had expired on May 12, 1942, she had a credit of $500 for an amount which she had paid the original lessor in advance and if for no other reason therefore her sub-lease had been continued in effect at least for an additional month. On the day that the case was set for trial she filed a supplemental answer and a plea of estoppel against the plaintiff and also included therein a reconventional demand in the sum of $944.84 for equipment, supplies and repairs alleged to have been made by her to the hotel building, and also a claim of $56.41 being one-half of the water bills which had been paid by her for April and May, 1942, and which should have been paid, as she contends, by the plaintiff.
On these rather complicated issues the case was tried in the lower court and resulted in a judgment in favor of the plaintiff which had the effect of dismissing the reconventional demand of the defendant.
In this court counsel for defendant insists that the exception of no right or cause of action which he had filed in the lower court, and which he reurges here, is good and should be sustained. The exception is based on the ground that the relationship of landlord and tenant was not shown to exist between the plaintiff and the defendant and as this relationship is a necessary and indispensable element to a suit for ejectment, plaintiff has no right or cause of action. But clearly the testimony in the case reveals that the defendant, if she had any contract whatever with the plaintiff, was his sub-tenant by virtue of his acquisition of the principal lease of the whole building. He was her landlord and she was his tenant and therefore the relationship did exist and he had the right to bring the action.
Counsel then seems to ground his exception on the lack of proper statutory notice having been given his client but again the testimony shows that the law relating to notice, was strictly followed by the plaintiff. After the defendant's apparent effort to evade receiving the registered notice, plaintiff took the extra precaution of having notice served through the sheriff's office and proof of service was duly shown.
On the merits of the case the question seems to resolve itself into what was the real contract between the plaintiff and the defendant after the expiration of the latter's sub-contract with Theodos. In other words, assuming, as we think it is clearly proven, that she did not exercise her option to renew her contract for an additional year, was the contract continued in force in any other manner or was it merely a contract of rent from month to month or week to week, with the privilege given to her lessor to terminate it at the end of any one month?
Surely, it cannot be urged that the plaintiff was bound by any form of agreement the defendant may have had with a former lessor which was not placed of record at the time he acquired the lease. Whatever attempt was made by the defendant's counsel to place some instrument of record at the time he did, was altogether futile in that respect because that was after plaintiff had acquired from Theodos. Therefore, the plaintiff was not bound by any right of renewal of her contract such as is contended for in her behalf. The thing the most favorable that can be said for her is that her original contract for the payment of $500 rent per month which contained a clause to the effect that such an amount represented by a house trailer which she turned over to the lessors was to be applied to the payment of the twelfth month of the lease, was duly recorded, and it follows, as a matter of law, that Grammatas, the *Page 16 
plaintiff herein was bound by that stipulation. But the twelfth month of the lease was that running from April 12, 1942 to May 12, 1942, when the lease terminated and defendant did not avail herself of her option to renew. It is true that she made him payments during the month of April, 1942 and one as late as May 3, 1942, under what she considered as the modified contract she had with Theodos and the Geekers and it is true also that plaintiff accepted these payments. However, on May 5, 1942, plaintiff definitely advised her by letter that in view of the fact that he was still occupying rooms in the hotel, he was accepting her check for $75 as payment of that week's rent. He further notified her however that at the end of that week he would vacate the rooms and that he would expect her to pay the full amount of the rent of $500 from then on. The situation then would seem to have been this: On the only contract of lease to the defendant by which plaintiff was bound, she had paid in full the amount of rent due for the last month thereof and the contract having expired on May 12, 1942, plaintiff had the right to have her evicted, a right which he exercised by instituting this ejectment proceeding on June 4, 1942. What legal relation between them grew out of the payments she made during the month of April, 1942, which were accepted by the plaintiff, is a matter which is not presently an issue in this proceeding. It may be that she has some claim arising out of those payments as to which her rights should be reserved. The judgment appealed from will therefore be amended in that respect.
There is no merit in defendant's reconventional demand, because whatever claims she makes with respect to the same arose before the plaintiff was a party to the lease and naturally he would not be bound by anything done at that time.
Her plea of estoppel seems to be so involved with the facts presented on the merits of the case that the decision on the plea would have to follow the judgment rendered on the merits.
We note at the end of the brief of counsel for the appellee that he contends the appeal should be dismissed for the reason that the appeal bond was filed too late and for the further reason that it was insufficient and did not comply with the provisions of the law. We think that satisfactory explanation was made for the filing of the bond in the way in which it was and as far as the insufficiency of amount is concerned, that of course is a matter which should have been called to the attention of the lower court and passed on by that court before the appeal was filed and lodged in this court.
For the reasons stated it is now ordered that the judgment appealed from be amended by reserving to the defendant her right to present hereafter, any claim she may have against the plaintiff by reason of any extra payment of rent she may have made, and that as thus amended, it be affirmed.