McINNIS, Judge ad hoc.
This is a summary proceeding against the defendants to eject them from rented premises known as 2004 Centenary Boulevard in Shreveport, Louisiana. Plaintiff alleges that on March 25, 1943, he leased the defendants the above described property for a period of three years, the termination date of the lease being May 1, 1946, and that subsequent to the termination of the lease defendants continued to occupy the premises on a month to month basis at the rate of $200 per month until the relationship of landlord and tenant was terminated by letter from plaintiff to defendants dated April 28, 1951 requesting them to move from the premises, and again on May 2, 1951 he notified defendants in writing that he desired complete possession of the premises on July 1, 1951.
Defendants having failed to vacate the premises, plaintiff filed suit No. R-10740 in the City Court of Shreveport on July 6, 1951, which suit was dismissed by plaintiff entering a voluntary nonsuit without prejudice. On July 17, 1951, the present suit was filed and the rule made returnable on the 20th day of July, 1951.
The defendants filed a plea of estoppel, plea of prematurity and exception of no cause or right of action, which were referred to the merits, and they then answered, denying that the relationship of landlord and tenant had been terminated, and admitting substantially all the other allegations -of the petition. Further answering, they undertake to set up a special defense in which they allege that prior to the date of the termination of the written lease, they approached plaintiff to secure an extension and were informed that a formal lease was unnecessary and that they could stay on the premises as long as they might desire, and they undertake to set up a reconventional demand for $10,550 for improvements alleged to have been made on the premises, but this latter defense was properly rejected in the City Court as an effort to convert a summary proceeding into an ordinary one.
After trial of the rule on the merits, there was judgment in favor of the plaintiff condemning the defendants to vacate the premises without delay and ordering that upon their failure to comply with the judgment within twenty-four hours, a writ of possession be issued. Defendants, having tendered the special defense, were granted a suspensive appeal.
The only conflict in the evidence is that of defendants to the effect that plaintiff agreed that they might occupy the leased premises as long as they desired, which plaintiff denied, and this appears to be a move for delay which the defendants have already secured, as it has now been three months since the judgment in this case was rendered in the 'City Court.
*831 Defendants have filed exhaustive briefs and have cited a number of articles of the Civil Code and a number of cases from the appellate courts of the state. All of the complaint by way of brief is that they were not allowed to set up their recon-ventional demand as a defense to the demand for the ejection and, as said above, we believe that the ruling of the City Court on this point is correct. It is well settled that a defendant will not be allowed to convert a summary action into an ordinary one by making reconventional demands. A. N. Goldberg, Inc., v. Poynter, La.App., 157 So. 272, and authorities there cited.
For these reasons, it is our opinion that the judgment of the City Court is correct and accordingly it is affirmed at the cost of defendants-appellants in both courts.
KENNON, J., not participating.