YARRUT, Judge.
This is a summary proceeding in which' Plaintiff seeks the eviction of Defendant from a dwelling on her property, which she •permitted Defendant to occupy by sufferance. LSA-C.C.P. Arts. 4701-4705 and 4731-4735.
Defendant answered denying Plaintiff’s -ownership; admitted her occupancy, claiming Plaintiff had accepted $140.64 during •the past six months as part payment of •taxes and paving charges against the prop- • erty; then asserted ownership of the rear building claiming it was built by her at a • cost of $733.55, with the consent of her ■natural father, deceased husband of Plain- - -tiff, in whose succession Plaintiff was rec- ■ ognized as owner of the property as part -of the community; or, alternatively, for •. the recovery of the cost since Plaintiff unconditionally accepted the community and thereby bound herself for the debts.
From a judgment of eviction only, Defendant has taken this suspensive appeal.
During the trial the District Court refused to permit Defendant to prove she was a natural child of Plaintiff’s husband, and as such was part owner of his half of the community; and also refused proof that she built and paid for the improvements, without reimbursement therefor.
Since Defendant admitted, on cross-examination, that she did not own the land, only the rear building thereon and had no fixed lease with Plaintiff, the District Court excluded evidence of her heirship, her ownership of the building involved, and what the cost was.
Having admitted she did not own the land and had no lease from Plaintiff, the court rightfully rejected Defendant’s attempts to engraft onto this summary proceeding any interest in the deceased’s succession, or the value of the improvements.
A tenant’s special defense to summary proceedings for ejectment, whereby tenant sought to set up a reconventional demand to recover for the cost of improvements allegedly made on the premises, was properly rejected as an effort to convert a summary proceeding into an ordinary one. Werner v. Cace, La.App., 54 So.2d 830; Grammatas v. Peveto, La.App., 12 So.2d 14; Roussel v. Dalche, 158 La. 742, 104 So. 637.
For the reasons herein assigned, the judgment appealed from ordering Defendant’s eviction is affirmed, reserving to Defendant the right, in any appropriate proceeding, to establish her status as a natural child, and for reimbursement of the cost of the improvements, without prejudice to' any defense Plaintiff may urge; all costs of this proceeding in both Courts to be paid by Defendant.
Affirmed.