348 So.2d 695 (1977)
George E. VICKNAIR et al.
v.
WATSON-PITCHFORD, INC.
No. 11397.
Court of Appeal of Louisiana, First Circuit.
July 11, 1977.
Cyrus J. Greco, Baton Rouge, for plaintiffs appellees.
George R. Covert, Baton Rouge, for defendants appellants.
Before LANDRY, EDWARDS and COLE, JJ.
LANDRY, Judge.
Defendant (Appellant) appeals from judgment ordering its eviction from certain real property situated in West Baton Rouge Parish. We affirm.
Appellant's sole assignment of error is the claim that the trial court improperly decreed its eviction because of Appellant's failure to purchase subject property pursuant to an offer to purchase made by Appellant under date of October 2,1975, and duly accepted by Appellees as owners.
The purchase agreement obligates Appellant to buy an 11.6 acre tract of land from Appellees for the sum of $120,000.00 cash, the sale to be closed on or before January 31, 1976. As part of the purchase price, Appellant deposited a check for $5,000.00, which sum was not regarded as earnest money inasmuch as the parties expressly reserved the right to specific performance. The contract further provides that if Appellees' title was not valid and could not be cured within a reasonable time, the agreement would be null and void and the deposit returned.
Additionally, the agreement contains the following pertinent lease provision:

*696 "It is further agreed that until January 31, 1976 owners shall lease unto Watson-Pitchford, Inc., the batture adjoining the above described property for the sum of TWO HUNDRED FIFTY AND NO/100 ($250.00) DOLLARS per month commencing September 1, 1975."
Following confection of the agreement, Appellant took possession of the premises pursuant to the foregoing lease arrangement. Due to the death of one of the owners, the sale could not be completed by January 31, 1976, but this obstacle was removed shortly after the demise. Thereafter, Appellant declined to pass the sale on the ground that a title investigation disclosed a flaw or flaws regarding one or more boundaries of subject tract. Efforts were made to solve this difficulty, during which interval the lease was reconducted from month to month until May 15, 1976, when Appellees gave Appellant due formal notice of lease termination. Appellant paid all rent due through May, 1976. Appellees returned all rental checks tendered thereafter.
At trial, Appellant offered, over Appellees' objection, evidence to establish that it was ready, willing and able to consummate the sale but was justified in refusing to do so because of the title deficiencies disclosed upon examination of title, and also because of Appellees' alleged refusal to correct said flaws. In essence, Appellant contended at trial, and reurges on appeal, that Appellees defaulted on their obligation to furnish good title, consequently Appellant should not have been evicted.
Appellees objected to Appellant's offering evidence of title deficiency on the ground that title defects are foreign to the issue involved in a summary proceeding for eviction. In this regard, Appellees contended at trial, and reurge here, that Appellant's right to occupancy and possession of subject property is not dependent upon the merchantability of Appellees' title or the date of passage of the proposed sale. Stated otherwise, Appellees maintain that under the agreement, Appellant occupied the premises merely as lessee from September 1, 1975 through May, 1976, when the lease was cancelled by proper notice given by Appellees. In addition, Appellees argue that evidence of merchantability of their title enlarged the pleadings and injected foreign issues into this summary eviction procedure, thereby converting the matter from a summary proceeding into an ordinary proceeding. We find Appellees' position well taken.
LSA-C.C.P. Articles 4701-4705, inclusive, provide a summary process for eviction of a lessee by a lessor and of an occupant by an owner, because the lease has ended due to expiration of its term, or for other lawful cause, or where the purpose of the occupancy has ceased in the case of an occupant.
It is well settled that a summary action for eviction of a tenant or lessee (formerly authorized by LSA-R.S. 13:4911-4926, inclusive), presently, LSA-C.C.P Articles 4701-4705, involves the single issue of whether the lessor is entitled to possession of the leased premises. Roussel v. Dalche, 158 La. 742, 104 So. 637 (1925), and authorities therein cited. See also Smith v. Smith, 156 So.2d 278 (La.App. 4th Cir. 1963). Equally well settled is the rule that a lessee cannot defeat his lessor's right to summary action for eviction by injecting therein issues foreign to the one issue involved, and thereby convert the summary proceeding into an ordinary proceeding. Roussel v. Dalche, above.
In this instance, it is clear that the lease privilege granted Appellant pursuant to the purchase agreement involved is separate, distinct from and independent of Appellant's right to purchase. A separate consideration is recited for the lease, totally unrelated and independent of the purchase price. The term of the lease is for a specific period. The agreement does not make the right to purchase dependent upon the lease in any way whatsoever. When the specified term expired, the parties reconducted the lease monthly until May, 1976, when Appellees gave due and proper notice of cancellation. Said cancellation terminated Appellant's lease privileges and entitled Appellees to possession. Any flaws or defects *697 in Appellees' title are foreign to the relationship of lessor and lessee which existed between the parties. It is well settled that a lessee may not question his lessor's title so long as lessor maintains lessee in possession. Pino v. Dufour, 174 La. 227, 140 So. 31 (1932); Harvin v. Blackman, 112 La. 24, 36 So. 213 (1904).
Under the pleadings and procedural posture of this case, the trial court erred in admitting testimony to show an alleged defect in Appellees' title. The error is of no consequence, however, inasmuch as the title court reached the proper result despite the error.
The judgment is affirmed at Appellant's cost.
AFFIRMED.