WILLIAMS, Judge.
This is an appeal from an order' of the trial court ordering the eviction of the defendant appellant, Azalie Brignac, from the premises of 6751 Canal Boulevard, New Orleans, Louisiana, within twenty-four hours of rendition of the judgment on 6 March, 1981. The defendant proceeded with this suspensive appeal after furnishing security in the amount of $3,000.00.
The defendant, Azalie Brignac, is the widow of the late Alfred F. Brignac, Sr. who was the income beneficiary of the Alfred F. Brignac, Sr. Trust, established by his sister, Laura Brignac Montiero. The Alfred F. Brignac, Sr. Trust contained all the assets bequeathed to Laura Brignac Montiero’s nephew, Alfred F. Brignac, Jr., and designated Alfred F. Brignac, Sr. as the sole income beneficiary.
Subsequently, on October 31,1972, Alfred F. Brignac, Sr. executed his last will and testament bequeathing to his wife, Azalie Brignac, one-half of his estate. He also designated his wife as executrix. On June 4, 1974, the trustees of the Alfred F. Brig-nac, Sr. Trust purchased 6751 Canal Boulevard in the name of the Trust. On October 27,1976, Alfred F. Brignac, Sr. died, and his widow, Azalie Brignac, continued to live in the residence located at 6751 Canal Boulevard. On December 24, 1980, the trustees of the Alfred F. Brignac, Sr. Trust filed a rule to evict Azalie Brignac from the premises.
When the trial on the rule to evict was held, the defendant, Azalie Brignac, attempted to convert the summary eviction proceedings into a trial on the merits, alleging that the title to the property located at 6751 Canal Boulevard was disputed. The defendant attempted to subpoena the annual accounts prepared by the trustees of the Alfred F. Brignac, Sr. Trust in order to show that the money used to purchase 6751 Canal Boulevard was all, or part, of income that should have been distributed to Alfred F. Brignac, Sr. as the sole income beneficiary of the Alfred F. Brignac, Sr. Trust.
If the defendant could establish ownership interest in the residence, then an action for eviction would be improper as the title would be in dispute. At the trial of this matter, however, the court quite properly refused to allow the defendant to present any evidence of these alleged affirmative defenses and ordered her to vacate the premises. Many of the arguments raised by the defendant regarding the proper course of conduct for a trustee, more particularly, the trustee’s duties to render annual accounting are not relevant to the fundamental issue to be resolved in this proceeding.
Article 4702 of the Louisiana Code of Civil Procedure, basically provides for the eviction of an occupant from an immovable. In Vicknair v. Watson-Pitchford, Inc., 348 So.2d 695 (La.App. 1st Cir. 1977), the First Circuit set forth the general rule regarding evictions:
“It is well settled that a summary action for eviction of a tenant or lessee . .. involves the single issue of whether the lessor is entitled to possession of the leased premises. [citations omitted]. Equally well settled is the rule that a lessee cannot defeat his lessor’s right to summary action for eviction by injecting therein issues foreign to the one issue involved, and thereby convert the summary proceeding into an ordinary proceeding.” [citation omitted]. Id. at 696.
*1315 The defendant, therefore, did not have the right to demand an accounting from the trustees during the eviction proceedings.
The defendant’s position has consistently been that an eviction proceeding is not an appropriate vehicle to try a disputed title to property. Although this court agrees with the Third Circuit that the summary procedure is only to be employed when the possessor has “no semblance to claim of title or possession” Foreman v. Luquette, 344 So.2d 1111, 1113 (3d Cir. 1977), it is clear that in the instant case, the defendant has no claim whatsoever to the property.
The Alfred F. Brignac, Sr. Trust clearly possesses title to the property in question and any claims that Azalie Brignac may have regarding the proper disbursement from the Trust should be resolved in a separate adversary proceeding. The Louisiana Supreme Court has discussed at length in Reynolds v. Reynolds, 388 So.2d 1135 (La.1979) (Reh. 1980), the complex relationship concerning the ownership right of income and principal beneficiaries of property to which the trustee of the trust holds title. “No statute in Louisiana confers upon a trust beneficiary the ownership of the corpus of the trust; the interest of the beneficiary ... is an interest in the trust, not in the corpus.” Id. at 1138. See also La.R.S. 9:1731.
The issues raised by the appellants regarding the trial court’s ruling quashing the subpoena duces tecum are also without merit as the evidence contained therein is outside the scope of the proceedings.
Based upon the record before us, we cannot say the trial court erred in making absolute the rule of eviction. The decision of the trial is affirmed and the defendant is ordered to vacate the premises of 6751 Canal Boulevard and to bear all costs of these proceedings.
AFFIRMED.