SHORTESS, Judge.
Kenneth Soileau (plaintiff) filed a rule for eviction against Leslie Knighten (de *62 fendant) on December 30, 1981, in the City Court of Denham Springs and sought to have defendant evicted from a frame house located at 2310 Carolyn Avenue, Denham Springs, Louisiana, because of “non-compliance with lease agreement” [1]. Attached to the rule was a copy of the notice to tenant to vacate the premises for non-compliance with the lease agreement, and unauthorized subletting. The marshall’s return indicates that on the same date he served a copy of the rule on the defendant by taping it to the front door.[2]
The rule was made returnable for January 6, 1982, at 10:00 a.m. On January 4, defendant filed a motion for continuance[3], a bill of particulars[4], and a motion to sever.
On January 13, on plaintiff’s motion, the trial court dismissed his suit with prejudice and at his costs.
On January 19, defendant filed a pleading styled, “Answer and Defense For Rule on Eviction,” wherein he denied violating the terms of the lease. His defense, in narrative form and comprising almost five typewritten legal-sized sheets, explained his version of the disagreement and sought a ruling that he was not in violation of his written lease with plaintiff. Defendant appealed to this court and argues that had the matter not been dismissed ex parte, he would have been entitled to an evidentiary hearing and a decision from the trial court on the merits of his defense.
Eviction is a summary action and involves the single issue of whether the lessor is entitled to possession of the leased premises. Vicknair v. Watson-Pitchford, Inc., 348 So.2d 695 (La.App. 1st Cir.1977). Thus, the only issue before the trial court was whether or not plaintiff was entitled to possession of the premises. Prior to the date fixed for hearing on that issue, defendant vacated the premises. After the premises were vacated, plaintiff dismissed his eviction rule with prejudice pursuant to the provisions of LSA C.C.P. art. 1671.
When defendant vacated the premises before the date fixed for hearing, the only issue before the court became moot. While defendant may have had a valid defense to the eviction, he rendered the dispute moot[5] when he vacated the premises, and his appeal must be dismissed at his costs.
APPEAL DISMISSED.

. Both plaintiff and defendant have appeared pro se throughout these proceedings.

. In a case decided on May 17, 1982, Greene v. Lindsey, - U.S. -, 102 S.Ct. 1874, 72 L.Ed.2d 249 (1982), the U.S. Supreme Court held that the mere posting of an eviction notice on an apartment door did not satisfy minimum standards of due process. Lack of notice is not the issue here because Knighten got notice, but he complains that the notice he got did not give him sufficient time to defend. That issue will not be addressed by us for reasons hereafter set forth.

. The motion for continuance was apparently granted, because on January 8 an order was signed by the trial court setting the return date on the rule to evict for January 20, at 10:00 a.m.

. On January 8, an amended petition on the rule to evict was filed by plaintiff in answer to defendant’s bill of particulars, and plaintiff alleged therein that defendant was in violation of the lease agreement by allowing Cathy Renee Keith to occupy the dwelling.

. “Courts will not rule on questions of law which have become moot since their decree will serve no useful purpose and can give no practical relief... . This rule applies even in those cases which raise a constitutional question on the merits.” Jones v. Natchitoches Parish Police Jury, 371 So.2d 1243 (La.App. 3d Cir.1979), at 1244.