LOTTINGER, Judge.
This appeal arises from a summary eviction proceeding. Under the authority of La.Code Civ.P. art. 4701, et seq., plaintiff, L & K Land, Inc., sued to evict Whitney Billi-ot from a certain tract of land. The basis for the eviction proceeding was the expiration of a lease of the premises by Billiot from plaintiff. From a judgment ordering the eviction, defendant has suspensively appealed.
*1109 TRIAL COURT
Billiot answered, denying ever having held under a lease from plaintiff, and pled as an affirmative defense his status as a possessor of the premises.
At trial, plaintiff introduced into evidence an act which purported a sale of a larger tract (which included the premises in question) to Lester and Kip Plaisanee, the sole shareholders of L & K Land, Inc. Also introduced were four one-year leases of the premises in question purportedly signed by Whitney Billiot. The expiration date of the last lease was March 31, 1982. Kip Plai-sance testified that since the expiration date, Whitney Billiot had refused to execute another lease or vacate the premises; thus, eviction proceedings were instituted. Whitney Billiot testified that he had never signed any lease with L & K Land, Inc. and that he had lived on the premises for thirty-odd years and considered them his own.
The trial court refused to hear testimony concerning Billiot’s status as possessor or owner, finding that such testimony was inappropriate in a summary eviction proceeding. On the basis of the documentary evidence introduced by plaintiff, the trial court ordered eviction.
Billiot moved the court to vacate its judgment and moved for a new trial, arguing that he had not been served with citation of the rule until April 21, 1982, and that the hearing on April 23, 1982 was premature and in violation of La.Code Civ.P. 4732, which requires such a hearing to be held no sooner than the third day after service. These motions were denied. Billiot also filed a supplemental answer which attacked the propriety of summary proceedings, reasserted his status as a possessor, and asserted his ownership of the premises by acquisitive prescription of thirty years.
SPECIFICATIONS OF ERROR
Defendant-appellant, Whitney Billiot, assigns the following specifications of error:
I.The judgment rendered on April 23, 1982 should be reversed inasmuch as the use of summary proceedings in this instance was improper.
II. The judgment should be reversed because the hearing on the rule to vacate was heard on the second day after service of the citation on rule, contrary to Article 4732 of the Louisiana Code of Civil Procedure.
III. The judgment should be reversed on the basis that the plea of prescription should have been maintained.
IV. The judgment should be reversed on the basis that Mr. Billiot did not have ample time to secure proper representation to present proper evidence in support of his position.
SPECIFICATION OF ERROR NO. 3
This court in Vicknair v. Watson-Pitchford, Inc., 348 So.2d 695 (La.App. 1st Cir. 1977) stated:
“LSA-C.C.P. Articles 4701-4705, inclusive, provide a summary process for eviction of a lessee by a lessor and of an occupant by an owner, because the lease has ended due to expiration of its term, or for other lawful cause, or where the purpose of the occupancy has ceased in the case of an occupant.
“It is well settled that a summary action for eviction of a tenant or lessee (formerly authorized by LSA-R.S. 13:4911-4926, inclusive), presently, LSA-C.C.P. Articles 4701-4705, involves the single issue of whether the lessor is entitled to possession of the leased premises. Roussel v. Dalche, 158 La. 742, 104 So. 637 (1925), and authorities therein cited. See also Smith v. Smith, 156 So.2d 278 (La.App. 4th Cir.1963). Equally well settled is the rule that a lessee cannot defeat his lessor’s right to summary action for eviction by injecting therein issues foreign to the one issue involved, and thereby convert the summary proceeding into an ordinary proceeding. Roussel v. Dalche, above.”
Even though Billiot testified at trial that he never signed a lease from plaintiff, he has not attacked on appeal the sufficiency of proof of the lease or his signature thereupon. We therefore find no error in the trial court’s ruling that such a lease was executed between plaintiff and defendant.
Plaintiff introduced an instrument translative of title of the premises in ques *1110 tion and introduced a lease between the parties which had expired. Thus, plaintiff was entitled to possession through summary eviction proceedings, and the issue of Billi-ot’s alleged ownership of the premises through acquisitive prescription was not appropriate therein. The trial judge did not err in refusing to hear testimony concerning Billiot’s alleged ownership of the leased premises.
SPECIFICATIONS OF ERROR NOS. 1, 2, AND 4
Billiot’s main thrust on appeal is that the judgment of eviction cannot stand because the hearing on the rule to vacate was held on the second day after service thereof, rather than on the third day, as mandated by La.Code Civ.P. art. 4732. Bil-liot argues that he was served on April 21, 1982, and that the hearing on April 23,1982, was one day too early.
However, during the hearing, Deputy Louis Ordoyne testified that his subordinate, Deputy Tiges Martin, had served Billi-ot with citation of the rule to evict on April 20, 1982. Billiot argues on appeal that because he represented himself at the hearing, he was unaware that he could have objected to this testimony as inadmissible hearsay, and contends that the ends of justice would be served only by a reversal and remand for another hearing.
We disagree. The testimony of Deputy Ordoyne was not objected to and is therefore a part of the record. The trial judge went so far as to recess the hearing to converse by telephone with an attorney with whom Billiot had conferred, in order to find out whether the attorney intended to represent Billiot. Only after this attorney informed the trial judge that she had not been formally retained did the trial judge allow the hearing to continue with Billiot representing himself.
Deputy Ordoyne testified that he personally served Billiot with a Notice to Vacate on April 2, 1982, some twenty-one days pri- or to the hearing. Nothing prevented Billi-ot from obtaining proper legal representation at that time.
Moreover, we find that the hearsay testimony of Deputy Ordoyne as to the date of service of- citation was not inadmissible. The hearsay was undoubtedly based on an oral report by Deputy Martin to his superi- or, Deputy Ordoyne. As an oral report made during the normal operation of the sheriff’s office, the report is vested with a guarantee of trustworthiness which comes from being a part of the system upon which the sheriff’s office depends. The oral report situation is analogous to the hearsay exception for written business records, see C. McCormick, Evidence, § 283 (1954) and cases cited therein. Since the oral report made by Martin to Ordoyne was a part of Deputy Martin’s official duties, the hearsay testimony of Deputy Ordoyne as to the acts of his subordinate was properly admitted. Thus, specifications of error 1, 2, and 4 are without merit.
DECREE
Therefore, for the above and foregoing reasons, the judgment of the trial court ordering eviction is hereby affirmed. All costs of this appeal are assessed to Whitney Billiot, defendant-appellant herein.
AFFIRMED.