STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 CA 0179

KATHERINE SQUARE APARTMENTS

VERSUS

ROBBIN PAUL

*DATE OF JUDGMENT:*    OCT 1 2 2021

ON APPEAL FROM THE CITY COURT OF PORT ALLEN,
NUMBER 2020CVE00170, PARISH OF WEST BATON ROUGE
STATE OF LOUISIANA

HONORABLE WILLIAM T. KLEINPETER, JUDGE

* * * * * *

Terry L. Bonnie                    Counsel for Plaintiff-Appellant
Baton Rouge, Louisiana             Robin Paul

* * * * * *

BEFORE:  GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.

Disposition: MOTION TO SUPPLEMENT DENIED AS MOOT. JUDGMENT REVERSED.

Holdridge, J. Concurs.

**CHUTZ, J.**

Defendant-appellant, Robbin Paul, appeals the city court judgment issuing a warrant of eviction directing the marshal of the city court to eject her from an apartment located in a housing complex funded by the Rural Development of the United States Department of Agriculture (RD of the USDA) in which she had been residing pursuant to a month-to-month lease with plaintiff-appellee, Katherine Square Apartments (KSA).[1] We reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 2, 2020, KSA filed a rule in city court to evict Paul, averring "non[-]renewal" as the basis for the eviction and stating that a five-day notice to vacate had been posted on the door of Paul's premises located at 250 N. 14th Street, Apartment #18, in Port Allen, Louisiana. KSA's rule was accompanied by a written notice, dated October 2, 2020, advising Paul that she had until October 31, 2020, the date her lease terminated, to surrender the premises to KSA. Also accompanying the rule was a notice to terminate the lease for lease violations, dated November 18, 2020, in which KSA informed Paul that she was in violation of the lease agreement stating, "Material Noncompliance with the terms of this lease, which includes, but is not limited to the following ... [n]onpayment or repeated late payments of rent." The November 18, 2020 notice indicated that Paul had until November 23, 2020 to vacate the premises or an eviction proceeding

---

[1] The Multi-Family Housing (MFH) program was established in title V of the Housing Act of 1949, which gave authority to the Rural Housing Service (then the Farmers Home Administration) to make housing loans to farmers. As a result of this Act, the Agency established single-family and multi-family housing programs. The MFH program is administered subject to appropriations by the USDA as authorized under Sections 514, 515, 516, and 521 of the Housing Act of 1949, as amended (42 U.S.C.A. 1484, 1485, 1486, and 1490). *Rental Assistance and Asset Management for the Multi-Family Housing Direct Loan Programs*, 85 Fed. Reg. 59682-01 (proposed Sept. 23, 2020) (to be codified at 7 C.F.R. pt. 3560). See 7 C.F.R. § 3560.152 (to qualify as a MFH tenant eligible for occupancy in Agency-financed housing, a person must either (1) be a United States citizen or qualified alien, and (2) qualify as a very low-, low-, or moderate-income household; or (3) be eligible under the requirements established to qualify for housing benefits provided by sources other than the Agency, such as U.S. Department of Housing and Urban Development Section 8 assistance). See also 7 C.F.R. § 3560.11 (defining "Agency" as "[t]he Rural Housing Service within the RD mission area of the USDA).

2

would be filed on November 24, 2020. Additionally, the notice set forth, "This complex is funded by RD of USDA; a copy of **7 C.F.R. 3560.[1]60 'Tenant Grievances'** is posted at the site office and was provided to [Paul] at move in." An addendum to the lease noting that the term was month-to-month effective March 1, 2020 and Paul's rent had been adjusted "from zero dollars" to "zero dollars" per month, signed on February 6, 2020 by a KSA representative and Paul, was also filed into the record on December 2, 2020. Lastly, a copy of the lease agreement KSA had entered into with Paul, which commenced on January 1, 2017 and expired on December 31, 2017, accompanied KSA's rule to evict.

On December 11, 2020, Paul filed an opposition to the eviction rule. Paul averred that she was a tenant of public or subsidized housing, KSA had not terminated the lease in conformity with the program rules or federal law, and good cause to evict her did not exist.

The matter proceeded to a hearing on January 12, 2021, after which the city court granted the eviction. Paul timely filed this devolutive appeal.

## DISCUSSION

Louisiana's statutory scheme for eviction is set forth in La. C.C.P. art. 4701-4735. The summary action for eviction involves the single issue of whether the owner is entitled to possession of the premises. *Soileau v. Knighten*, 423 So.2d 61, 62 (La. App. 1st Cir. 1982); *Monroe Hous. Auth. v. Coleman*, 46,307 (La. App. 2d Cir. 5/25/11), 70 So.3d 871, 873.

As a participant in the RD of the USDA, KSA may terminate or refuse to renew Paul's lease only for material non-compliance with the lease provisions, material non-compliance with the occupancy rules, or other good causes. KSA may terminate the lease only when the incidences related to the termination are

3

documented. See 7 C.F.R. 3560.159(a).[2] Paul's occupancy in the RD-of-USDA-funded complex may not be terminated by KSA when the lease agreement expires unless Paul's actions meet the conditions of material non-compliance with the lease provisions, material non-compliance with the occupancy rules, or other good causes, or she is no longer eligible for occupancy in the housing. See 7 C.F.R. 3560.159(b).

The November 18, 2020 notice stated that the basis for Paul's eviction was nonpayment of rent or repeated late payments of rent, a basis that could constitute a material non-compliance with the terms of the lease agreement between Paul and KSA or non-compliance with occupancy rules. But according to the February 2, 2020 addendum, Paul's rental obligation was $0 per month. And at the hearing, Amber Turner, KSA's manager, stated that the ground for the termination of the lease agreement was "non-renewal." She specifically testified that the ground was "[n]ot nonpayment, no other reason [than] just non[-]renewal."

The record is devoid of any evidence supporting a finding that Paul was no longer eligible for occupancy in the KSA housing. Moreover, it is undisputed, and the addendum to the lease agreement clearly establishes, that Paul's tenancy was pursuant to KSA's participation in the RD of the USDA. Therefore, KSA was not permitted to terminate the lease solely on the basis of non-renewal. Accordingly,

---

[2] Material non-compliance with lease provisions or occupancy rules, for purposes of occupancy termination by a MFH program lessor like KSA, includes actions such as violations of lease provisions or occupancy rules that are substantial and/or repeated; non-payment or repeated late payment of rent or other financial obligations due under the lease or occupancy rules; or admission to or conviction for use, attempted use, possession, manufacture, selling, or distribution of an illegal controlled substance when such activity occurred on the housing project's premises by the tenant, a member of the tenant's household, a guest of the tenant, or any other person under the tenant's control at the time of the activity. Good causes, for purposes of occupancy terminations by a MFH program lessor, include actions such as actions by the tenant or a member of the tenant's household which disrupt the livability of the housing by threatening the health and safety of other persons or the right of other persons to enjoyment of the premises and related facilities; actions by the tenant or a member of the tenant's household which result in substantial physical damage causing an adverse financial effect on the housing or the property of other persons; or actions prohibited by state and local laws. See 7 C.F.R. 3560.159(a)(1)(i)-(iii) and (2)(i)-(iii).

KSA failed to establish that it was entitled to possession of premises.[3] Therefore, the city court erred in issuing a warrant of eviction directing the marshal of the city court to eject Paul from the premises at 250 N. 14th Street, Apartment #18, in Port Allen, Louisiana.[4]

## DECREE

For these reasons, the city court judgment is reversed. Appeal costs are assessed against Katherine Square Apartments.

**MOTION TO SUPPLEMENT DENIED AS MOOT. JUDGMENT REVERSED.**

---

[3] Because we have concluded under the MFH program that the city court erred in ordering Paul's eviction, we find it unnecessary to address her other claims including whether the order under Section 361 of the Public Health Service Act to temporarily halt residential evictions to prevent the further spread of COVID-19 issued by the Centers for Disease Control (CDC) and Prevention of the Department of Health and Human Services is applicable in this eviction proceeding. See 86 FR 34010-02, 2021 WL 2636210 and 85 FR 55292-01, 2020 WL 5253768. Thus, Paul's motion to supplement the record with a media statement from the CDC setting forth the substance of the order is denied as moot.

[4] Although Paul requests an award of attorney fees if the judgment of eviction is reversed, she did not brief the issue and, therefore, it is not properly before us. See La. U.R.C.A. Rule 2-12.4B(4) ("All ...issues for review must be briefed. The court may consider as abandoned any ... issue for review which has not been briefed.").

5

KATHERINE SQUARE APARTMENTS

VERSUS

ROBBIN PAUL

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 0179

OCT 1 2 2021

**HOLDRIDGE, J., concurring in the result.**

I respectfully concur in the result. While I acknowledge that a devolutive appeal is allowed from a judgment of eviction, I am troubled as to the practical result. What happens if the judgment of eviction is reversed, but the lessee's apartment has been validly leased to another person during the period of the devolutive appeal? It appears that this court would have no legal basis to allow the lessee to occupy (or to be restored in possession) of her former apartment since she failed to take a suspensive appeal. In that case, the eviction proceeding would be moot since the trial court would have no legal authority to grant the lessee possession of her former apartment.