Dear Mr. Burson:
You have requested an opinion from our office relative to the St. Landry Parish Police Jury (hereinafter referred to as "the Police Jury") on the following issues:
 1. Does the St. Landry Parish Police Jury have statutory power to enact an ordinance establishing load limits on all parish roads?
 2. If the St. Landry Parish Police Jury has such statutory power, are there any restrictions upon their exercise of this power?
 3. Does the Police Jury have the statutory authority to hire enforcement personnel to enforce load limit restrictions on parish roads?
 4. If the St. Landry Parish Police Jury enacts a load limit ordinance with criminal penalties, what officers are responsible for enforcement of these criminal sanctions?
LSA-R.S. 33:1236(28) gives parish governing authorities the following statutory authority:
 To enact ordinances regulating the traffic on all public roads outside of incorporated municipalities and within recognized subdivisions other than state constructed and maintained streets and highways, including but not by way of limitation the right to establish speed limits and speed zones, to regulate the parking of vehicles, to establish rules and regulations for the movement of traffic, including the designation of one-way streets, and for such other similar rules and regulations; provided that insofar as such ordinances may affect state highways they shall not be in conflict with any rules and regulations established by the legislature for the use of highways forming part of the state highway system.
Additionally, LSA-R.S. 48:481 provides that:
 Parish governing authorities may pass all ordinances which they think necessary relative to roads, bridges, and ditches, and may impose such penalties to enforce them as they think proper.
The courts have explicitly found that this authority to regulate traffic within its jurisdiction clearly includes the authority of the parish to establish load limits within the parish.Louisiana Materials Co., Inc. v. Cronvich,249 So.2d 123 (La. 1997), (Louisiana Supreme Court upheld three ton load limit set by parish is well within its regulatory authority.)Bundrick v. Lafayette parish Police Jury, 462 So.2d 1319
(La.App. 3rd Cir. 1985), (Third Circuit Court of Appeal held that ten ton load limit resolution by parish was reasonable and within the police jury's regulatory authority and a constitutionally valid exercise of police power.)
Therefore, in response to your first question, the Police Jury has the authority to regulate load limits on parish roads.
You also ask if this authority is subject to any restrictions. LSA-R.S. 33:1236(18), specifically restricts such authority to the extent that the police jury's regulations cannot be in conflict with rules and regulations established by the legislature. Further, like the majority of other police power statutes, this statutory authority must be exercised in a reasonable manner. The test applied by the courts of whether an ordinance or regulation is a constitutionally valid exercise of police power depends on whether, under all the circumstances, the regulation is reasonable and whether it is designed to accomplish a purpose properly falling within the scope of the police power.Bundrick, at 1321-22. Any restriction passed by the Policy Jury would be subject to this analysis if it were challenged in a court of law.
Your third and forth questions concern the enforcement powers of these restrictions by the Police Jury. LSA-R.S. 33:1242
authorizes the Police Jury to enforce its ordinances:
 Police juries may enforce ordinances which they are authorized to pass, by fine or imprisonment, or both, and may prosecute by criminal process of indictment or information or by fine or forfeiture to be collected by civil process before any court of competent jurisdiction.
However, this statute is subject to certain implicit restrictions. I have attached Opinion Numbers 89-553 and 89-553A which give a detailed analysis of these limitations.
In summary, enforcement personnel may be hired to enforce the load limits on a civil level and the Police Jury may collect any fines paid pursuant to civil sanctions. However, while the restrictions may provide for criminal penalties, the enforcement of those penalties and/or criminal fines are within the constitutional jurisdiction of the parish sheriff. Therefore, only civil penalties may be enforced by the Police Jury's enforcement personnel.
I trust this sufficiently addresses your concerns. If our office may be of assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI:CMF:glb
Date Received: Date Released:
CARLOS M. FINALET, III Assistant Attorney General
Attachment
State of Louisiana
DEPARTMENT OF JUSTICE
WILLIAM J. GUSTE, JR. Baton Rouge Telephone: ATTORNEY GENERAL 504-342-7013 70804
IN RE OPINION NUMBER 89-553
OCTOBER 27, 1989
88 — POLICE JURIES LSA-R.S. 33:1236
LSA-R.S. 33:1242
Honorable Edward C. Scogin State Representative Parish governing authority may Louisiana House of Representatives enact ordinance restricting 2063 Second Street vehicle weight on parish roads, Slidell, LA 70458 and may enforce civil penalties through its own officers.